## SAUVINET *v.* LANDREAUX, Recorder of Mortgages.

Art. 3302 of the Civil Code, which declares that, " to prove that mortgages exist on the property of a tutor or curator of a minor, interdicted, or absent person, it shall suffice to record in the office of mortgages a certificate from the judge who appointed such tutor or curator, declaring the fact of appointment, and the amount of the appraisement by the inventory of of the property confided to his administration," does not exclude any other mode of proving, or making public such a mortgage; the object of that article is to relieve the judge from the necessity of furnishing, and the recorder from that of requiring, the highest evidence of its existence. The inscription of the bond of a tutor or curator, reciting his appointment and the sum for which he is answerable to the minor, is sufficient; and the recorder will be responsible for any injury resulting from his omission to mention in any certificate of mortgages furnished by him, the mortgage existing on the property of the tutor or curator. C. C. 3357.

The inscription in the office of the recorder of mortgages of any act which conveys to third persons knowledge of a mortgage, fulfils the object of the law, which is to give notice of the incumbrances upon immovables. The notice is equally binding, whether the knowledge of the mortgage be derived from the inscription of the order appointing the tutor or curator, from the certificate of his appointment, or from his bond. C. C. 3315, 3316,

SAUVINET
v.
LANDREAUX.

The mortgages in favor of minors on the property of their tutors or curators, are expressly excepted by art. 3333, from the provision of the Civil Code which declares that, the effect of the registry of a mortgage ceases after ten years reckoning from their date, unless rein-scribed before the expiration of that period.

Where a legal mortgage exists in favor of minors, on property of the tutor sold under execu-tion, and the evidence shows that the tutor was insolvent and that judgments to a large amount had been obtained against him, the purchaser has such just reason to fear that a suit may be commenced against him in virtue of the general mortgage, as will authorize him to retain enough of the price to pay off the mortgage, unless the suing creditor prefer to give him security against it. C. P. 679, 683, 710. C. C. 2535.

APPEAL from the District Court of the First District, *Buchanan*, J. The judgment of the court was pronounced by

KING, J. This action is instituted to recover from the defendant the amount of a legal mortgage inscribed upon the books of his office, which he omitted to include in a certificate furnished by him as recorder of mortgages. In the lower court there was a judgment against the defendant, from which he has appealed.

*Henry Chevarre* executed, in favor of the plaintiff's testator, a special mort-gage upon real property in the city of New Orleans, for the purpose of secur-ing the payment of a note for $1800. The defendant who was, at the date of the act, recorder of mortgages, furnished, at the request of the parties, a certi-ficate of the encumbrances upon the property proposed to be hypothecated, in which no mention was made of a tacit mortgage against *Chevarre*, resulting from his appointment to the tutorship of several minors. After the maturity of the note, the plaintiff, who is the legatee of the original holder, recovered a judg-ment against *Chevarre* for its amount, under which he caused the hypothecated property to be sold. The certificate from the mortgage office, produced at the sheriff's sale, exhibited a legal mortgage in favor of the minor heirs of *Diez*, for $1250, which had been inscribed anterior to the date of the certificate furnished by the defendant. The property was adjudicated to *McDonogh*, who insisted on retaining in his hands, out of the price, a sum sufficient to extinguish the mortgage in favor of the minors. He has been made a party to this suit, and pleads, in defence, that *Chevarre* is insolvent, and he has just cause to fear that a suit will be instituted against him for the amount of the tacit mortgage in favor of the minors.

The obligations resting respectively on the tutor, the judge who oppoints him, and the recorder of mortgages, with regard to the inscription of legal mortgages in favor of minors resulting from tutorships, are clearly defined. It is the duty of the tutor to make public the legal mortgage in favor of his ward, with which his property is burthened, by recording the act on which it is founded in the of-fice provided for the purpose; of the judge, to cause the registry of all legal mortgages resulting from appointments of tutors made by him; and of the re-corder to receive, inscribe, and give certificates of such mortgages when requir-ed. Civil Code, arts. 3299, 3334, 3355, 3356.

In the present instance the tutors bond was delivered to the recorder to be registered, as evidence of the mortgage in favor of the minors. The defendant maintains that, the tacit mortgage in favor of the minor, results from the order of the judge appointing the tutor, and that this order, or the certificate of the judge declaring the fact of appointment, and the appraised value of the estate confided to the tutor's administration, are the only acts which constitute legal evidence of the mortgage, and which, when registered, it is incumbent on the recorder to certify as mortgages extant on his records. He insists that the bond

neither created, nor was evidence of, a mortgage, and that he was not required to certify its existence.

Art. 3302 of the Civil Code provides that, it shall *suffice* to record in the office of mortgages, a certificate from the judge who appointed a tutor, declaring the fact of appointment and the amount of the appraisement in the inventory of the property confided to his administration, to prove that a mortgage exists on the tutor's property.

The object of this article is, not to exclude any other mode of proving, or making public, a mortgage in favor of a minor, but to dispense the judge from furnishing, and the recorder from requiring, the highest evidence of its existence. The bond furnished and inscribed in the present instance recited the appointment of the tutor, and the sum for which he was answerable to the minors, thus setting forth the material facts in relation to which the judge is permitted to give his certificate, and in regard to which third persons are to be informed. Any act inscribed in the recorder's office, which conveys to third persons the knowledge of a mortgage, fulfils the object of the law, which is to give notice to the world of the incumbrances upon immovables, and to afford means of information to all interested in making the enquiry. Whether the knowledge of a mortgage be derived from the order of the judge appointing a tutor, the certificate of the appointment, or the bond of the tutor, the notice is equally binding upon the party who is informed of its existence. Civil Code, articles 3315, 3316. The registry of the bond was, in our opinion, sufficient to give the required publicity to the legal mortgage in favor of the minor heirs of *Diez*, and the recorder is clearly answerable for any injury that may have resulted from his omission to include it in his certificate. Civil Code, art. 3357.

The defendant contends that, this mortgage in favor of the heirs of *Diez* had been extinguished by prescription before the date of the certificate which he furnished, having been recorded more than ten years previous to that time. Legal mortgages in favor of minors are expressly excepted by the Code from the prescription of ten years, which destroys the evidence of mortgages in ordinary cases. Civil Code, art. 3333.

The last ground of defence set up is that, the purchaser at the sheriff's sale has illegally withheld payment of a part of the price of the property adjudicated. The law creates a distinction with reference to the rights of purchasers at sheriff's sales, when the property is burthened with special or general mortgages, prior to those of the seizing creditor. When the incumbrance is of the former kind, the purchaser retains in his hands, out of the price, the amount required to satisfy the previous special hypothecation. If the mortgage be general, he can only retain a part of the price, for the purpose of paying it, when a suit has been commenced against him, in virtue of the general mortgage, or where he has just reason to fear that such a step will be taken. Code of Pract. arts. 679, 683, 710. Civil Code, art. 2535. In the present instance, *McDonogh* alleges his apprehension that he will be disquieted by an action of mortgage. The evidence shows that *Chevarre* is insolvent, and that judgments to a large amount have already been obtained against him. The existing and growing disorder in his affairs is such as to inspire the purchaser with a well founded dread of eviction, and to authorise him to retain in his hands a sufficient amount out of the price of the adjudication to pay the legal mortgage in favor of the heirs of *Diez*, unless he be secured against it. Either the seizing creditor, or *Landreaux*, may furnish this security ; the latter is equally interested with the former in the payment

SAUVINET
*v.*
LANDREAUX.

SAUVINET
v.
LANDREAUX.

of the adjudication. The object of the law is to protect the purchaser in his title and possession. That end will be accomplished whether the one or the other party furnish the security, and, on its being given, the purchaser must be held to pay the price. The judgment of the inferior court must be so amended as to conform to this opinion.

It is therefore ordered, that so much of the judgment of the District Court as condemn the defendant to pay the amount of the legal mortgage in favor of the minor heirs of *Diez*, with interest, be affirmed, and, in other respects, that it be avoided and reversed. It is further ordered that the execution of this judgment against *Landreaux* be suspended for sixty days, and if, at the expiration of that delay, either he, or the seizing creditor, shall have furnished the security required by art. 710 of the Code of Practice, and article 2535 of the Civil Code, the same will be in satisfaction of this judgment against him. It is further ordered that, upon the security referred to being furnished as above required, *John McDonogh* pay to the plaintiff the sum of $1250, by him retained out of the price of the property adjudicated to him, and described in the plaintiff's petition, with interest thereon from the date of the adjudication to him. The defendant is to pay the costs of the court below, and the plaintiffs the costs of this appeal.

*Marsoudet*, for the plaintiff. *Eyma* and *Le Gardeur*, for the appellant.