6  241
117  363

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## SUCCESSION OF DAVID PATE.

It is not required in the recording of mortgages that the acts of mortgage be inscribed in full. It is sufficient if the registration contains all that it is essential for the public to know.

SUCCESSION OF  The registration of a mortgage will not be affected with nullity because the recorder has
PATE.        not complied with the directions of the law as to the manner in which the book of record
             has been paraphed and bound.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. On the
opposition of *William D. Baker* to the account of the administrator. *C.
Ratliff*, for opponent. *A. S. Herron*, for administrator. The judgment of the
court was pronounced by

SLIDELL, J. *Baker*, who holds a judgment recorded in 1846, has appealed
from a decree refusing him a precedence over certain conventional mortgagees,
who had recorded their mortgages at previous dates, but, as the appellant con-
tends, in an insufficient manner. The principal objection to the sufficiency of
the registry is, that they did not cause the acts of mortgage to be inscribed in
full, but merely inscribed certificates of the parish judge before whom the mort-
gages were executed, in which respectively he certifies that an act of mortgage
had been executed before him, the material and substantial details of which are
stated. The appellant does not deny that this registration contained all that it
was essential for the public to know—the names of the mortgagor and mortga-
gee, a description of the property mortgaged, the sum, interest, time of pay-
ment, &c. We have hitherto said that the object of registration is public notice
with reasonable certainty; and we cannot sanction a construction which would
avoid the registry of a mortgage upon the ground that the entire deed of mort-
gage was not spread *verbatim* and *literatim* upon the public records.

Objection is made to the sufficiency of the registry of a judgment in favor of
another creditor, *Hugh Wilson*. It seems that it was recorded in a book kept
for judicial mortgages; which book, as a witness, the present recorder, testifies,
was not bound fully, but merely loosely stitched and not paraphed. The
recorder would have better fulfilled his duty as a public officer if he had pre-
pared this important record book in a more durable form, and had obtained the
paraph of the judge, as the law directed him to do. But we do not think this
negligence of the public officer affects the registration with nullity. The code
directs parish judges, who were formerly the recording officers in their respec-
tive parishes, to keep three registers, one for conventional mortgages, one for
judicial mortgages, and one for donations. See C. C. arts. 3351, 3352. Many
parish judges kept a single book, but this irregularity on the part of the public
officer was not considered fatal to the mortgage creditor. See *Gillespie* v. *Cam-
mack*, 3d Ann. 251.

Under the pleadings, it was not necessary that *Wilson* should prove his judg-
ment. Its registry only was disputed. The recorder's certificate of its registry
seems to us sufficient in form.

The execution and registry of the mortgages in favor of the heirs of *Bird*
and others appear to us to have been sufficiently proved.

Judgment affirmed, with costs.