No. 2050.—BRITTON & KOONTZ v. JOHN JANNEY, Sheriff, et al.

A recital in an act of mortgage that a previous mortgage had been inscribed against the same property will not operate a legal reinscription of the former mortgage; nor will the recital of the former mortgage in the certificate make the latter a party to the former act, or operate as a further notice than that already given by the first inscription.

The fact *de non alienando* contained in an act of mortgage does not dispense the mortgage from the necessity of inscription in the mortgage office, and reinscription within ten years in order to preserve and give validity to the mortgage rights.

APPEAL from the Thirteenth District Court, parish of Concordia. *Hough, J. Mayo & Spencer,* for plaintiffs and appellants, *H. B. Shaw,* for defendants and appellees.

WYLY, J. This is a contest between mortgage creditors for the proceeds of the sale of a plantation in the parish of Concordia.

On tenth May, 1856, A. T. Welch executed the mortgage upon which plaintiffs base their claim. On the ninth February, 1859, he made another mortgage bearing on the same property in favor of the defendant, Mrs. Mary E. Shaw. On the seventeenth September, 1867, Mrs. Shaw applied to the recorder to erase the mortgage of plaintiffs because the same had not been reinscribed within ten years. Plaintiffs enjoined the recorder from making the erasure. This injunction was dissolved by the District Court, and, on appeal, by this court, and the recorder was required to erase plaintiffs' mortgage, which he did.

Mrs. Shaw then proceeded to foreclose her mortgage, when plaintiffs made a third opposition and enjoined the sheriff from applying the proceeds of the sale to the judgment of Mrs. Shaw under which he was selling the property. This injunction was dissolved, and plaintiffs have appealed.

Plaintiffs contend that their mortgage has not lost its priority in rank over the defendants.

*First*—Because the reinscription of their mortgage was rendered unnecessary by the inscription of the Shaw mortgage wherein their note and mortgage are clearly set forth.

*Second*—Because Mrs. Shaw had full notice of their mortgage, the same being mentioned in the certificate of mortgages embraced in her own mortgage, and she cannot be considered a third party.

*Third*—Because their mortgage contains the fact *de non alienando,* and the subsequent mortgage to Mrs. Shaw was made in violation of that fact, and as to them is null and void.

It will not require serious argument to refute the first position of plaintiffs. The inscription of Mrs. Shaw's mortgage, embracing the mortgage certificate, wherein the previous mortgage of plaintiffs is mentioned, is not a legal reinscription of plaintiffs' mortgage. The mere recital in her mortgage that plaintiffs had inscribed their mortgage against the same property is not a legal reinscription. Article 3333 of the Civil Code informs us in what manner mortgages must be reinscribed. It declares that the effect of the inscriptions ceases if they have not been renewed within ten years "in the manner in which they were first made."

Plaintiffs' second position is also untenable. The recital of their mortgage in the certificate embraced in Mrs. Shaw's mortgage did not make her a party to their mortgage, nor did it give her any further notice than she already had from the registry of their mortgage.

The previous inscription of plaintiffs' mortgage gave them a superior rank over the defendant and all junior mortgage creditors during the lawful period of its inscription. Having failed to reinscribe their mortgage within ten years, plaintiffs lost the right of priority, the effect of the inscription. C. C. 3333. This right did not result from any notice, judicial or extra judicial, which Mrs. Shaw might have of the existence of their mortgage, but it resulted alone from the inscription from complying with the registry laws.

Plaintiffs cannot invoke the registry laws to establish their priority on the proceeds in the hands of the sheriff, resulting from the sale of the property under Mrs. Shaw's mortgage, because they have lost the right of priority which those laws gave them by failing to renew their inscription within ten years as required by said laws. 6 Rob. 166, 419; 2 A. 100; 13 A. 569. The third position of plaintiffs is also invalid. The fact de non alienando contained in plaintiffs' mortgage did not render inscription unnecessary and the subsequent mortgage to Mrs. Shaw null and void. The non-alienation clause dispensed with necessity of notice to any third possessor of the mortgaged property, so that plaintiffs could proceed to foreclose their mortgage contradictorily with the mortgagor just the same as if the property remained in the hands of the mortgagor. The object of that clause was to prevent the delays of a hypothecary action in case the property might be sold. It did not dispense with the necessity of inscription and reinscription.

Inscription was necessary to give plaintiffs' mortgage effect against third persons and reinscription within ten years was absolutely essential to preserve that effect for a longer period. C. C. 3314, 3333.

It is therefore ordered that the judgment appealed from be affirmed with costs.