### No. 1909.—A. ROCHEREAU v. E. DUPASSEUR.

A mortgage loses its rank if it is not reinscribed within ten years, and a recital in a second mortgage, before the ten years have expired, that a former mortgage has been inscribed against the same property, will not operate a reinscription of the first mortgage, so as to preserve the rank of the first mortgage over that of the second. 21 An. 204

The fact that the second mortgagee had notice of the existence and inscription of the first mortgage, will not dispense the first mortgagee from the effect of failure to reinscribe within ten years. 21 An. 427.

APPEAL from the Sixth District Court, parish of Orleans. *Théard,* (Judge Fourth District Court), presiding. *Johnson & Denis* and *Lea, Finney & Miller,* for plaintiff and appellee. *C. Roselius* and *Alfred Philips,* for defendant and appellant.

HOWELL, J. The plaintiff seeks to enforce against the property of defendant, a third possessor, a mortgage which was recorded on the twentieth of March, 1858.

The defendant holds by virtue of a sale made under a judgment recognizing a mortgage and vendor's privilege, inscribed on the eighth of July, 1852, and reinscribed on the fifteenth of May, 1865.

He contends that this reinscription was made as soon as it was possible for him to do so, and he introduced proof that unsuccessful efforts were made from May to November or December, 1862, to get a permit from the military commander in this city to go to the parish of St. Charles, where the property is situated, to reinscribe the mortgage; in December, the permit was obtained, and a messenger sent to attend to it, but the courthouse was locked up, and the key in possession of the sheriff or his deputy, who were absent. Two similar efforts were afterwards made, with like result.

The recorder's office was open in September, 1864; the reinscription was made in May, 1865. There was, then, a time during which it could

have been made, even if the causes shown would have excused the defendant, and saved the effect of inscription.

He contends, further, that a judgment rendered by the Second Judicial District Court, in the case of Jacobs v. Sauvé, the original vendor and vendee, ordering the money claimed to be brought into court, uperseded the necessity of reinscription, as a judgment is the highest evidence of a claim, and all other evidence of the debt or other legal right, is merged in the judgment.

This is a confounding of the evidence of a debt with an act of mortgage securing the debt, and by article 3333, C. C., a reinscription can be made only in the manner that the inscription is made.

But he contends that, as to the plaintiff, a reinscription was unnecessary, because, in his act of mortgage, the one under which defendant holds, was recited, and plaintiff can not be considered a third persons but is affected with knowledge, and bound as though he were a party, under articles 3314, 3315, 3316, C. C.

This point was directly put in the case of Britton & Koontz v. Janney, 21 An. 204, and decided adversely to the position of defendant herein. It was in these words: "The reinscription of their mortgage was rendered unnecessary by the inscription of the Shaw mortgage, wherein their note and mortgage were clearly set forth;" that is, as counsel say in this case, "by an acknowledgment of defendant's mortgage by plaintiff himself, in an authentic act, to which he is a party, and under which he claims his mortgage rights, a reinscription was rendered unnecessary."

The Shaw mortgage, in the case cited, must have contained a recital and acknowledgment of the Britton & Koontz mortgage, to the same purport and effect as that of the plaintiff here. It was held in said case that this did not operate a reinscription of the acknowledged mortgage, nor supply the omission to reinscribe as the law requires, and for the object intended. Mrs. Shaw, by the said recital, in her act of mortgage, had the same knowledge of Britton & Koontz's mortgage as plaintiff, Rochereau, had by the like recital and acknowledgment, in his act, of the existence of the defendant's mortgage. The failure to reinscribe in each case produces the same effect, that is, the loss of the rank held by the mortgage which should have been reinscribed.

A reinscription is necessary, and it must be made in the manner prescribed by article 3333 of the Code. To adopt the theory of defendant would be an evasion, if not a total overthrow of our system of registration established by existing laws.

In the case of Harang v. Plattsmier, 21 An. 427, we held that knowledge is not equivalent to registry in Louisiana, but that under the law, as it now stands, which must control articles 3315, 3316, if inconsistent, an unrecorded act of mortgage is utterly null and void, except between the parties to the act, and we have concluded to adhere to that ruling.

Rochereau, the plaintiff, was not a *party* to the act between Jacobs and Sauvé, under which the defendant, Dupasseur, holds.

All the questions of law raised in this case have been passed on by this court, and are considered settled.

The motion to dismiss is unfounded

It is therefore ordered that the judgment appealed from be affirmed.