## No. 6015.

ETIENNE VILLAVASO, JAMES E. ZUNTS, SUBROGATED, vs. AUGUSTUS W. WALKER. JOSEPH HERNANDEZ, INTERVENOR AND THIRD OPPONENT.

Two acts of mortgage executed in 1850 and 1853 by Cucullu in favor of Villavaso have not been reinscribed, and the question is whether the inscription and re-inscription of the act of sale from Cucullu to Walker, reciting the said mortgage from Cucullu to Villavaso, preserve the said mortgage. The question must be answered negatively.

The article 3369, R. C. C., requires that the reinscription shall be made in the same manner in which the first inscription is made. This has not been done in this case.

Knowledge has been held not sufficient to dispense with reinscription.

The position of plaintiff that Hernandez, the intervenor and third opponent, who claims to be paid, as holder of one of Walker's notes, in preference to plaintiff or his subrogee, Zunts, is estopped from setting up a want of reinscription, because he acquired his rights from Cucullu, can not be maintained. Hernandez is clearly a third person as to the acts of mortgage given by Cucullu to Villavaso which have not been reinscribed. It was within the power of Villavaso or his subrogee to preserve these mortgages by having them reinscribed according to law.

APPEAL from the Second Judicial District Court, parish of St. Bernard. *Pardee, J. Lacey & Butler, L. A. Sheldon, and John H. Ilsley,* for plaintiff and appellant. *A. G. Brice* and *John S. Tully,* for defendant and appellee. *Semmes & Mott,* for third opponent and appellee.

HOWELL, J. In 1850 and 1853, respectively, J. S. Cucullu executed two notes for ten thousand dollars each, secured by mortgage in two several acts on his plantation known as "Myrtle Grove," in the parish of St. Bernard. On twenty-eighth September, 1857, Cucullu sold by notarial act the said plantation and the slaves thereon to A. W. Walker for one hundred and thirty-five thousand dollars, twenty-five thousand dollars cash, two notes of Walker for five thousand dollars each, six notes of Walker for $13,333 33⅓ each, and the assumption of the two notes and mortgage of Cucullu held by Villavaso. On the twenty-first of October,

1861, Villavaso obtained, on the said three acts, a writ of seizure and sale, and, after a protracted litigation, the said plantation was advertised to be sold, under said proceedings, on the third of October, 1874; whereupon Joseph Hernandez filed a third opposition, claiming the proceeds of the sale as holder of Walker's notes for $13,333 33⅓, with interest, in preference to Villavaso or his subrogee, Zunts, on the ground that the mortgage in favor of Villavaso had lapsed or perempted for want of reinscription.

The two acts of mortgage, executed in 1850 and 1853 by Cucullu in favor of Villavaso, have not been reinscribed, and the question is, does the inscription and reinscription of the act of sale from Cucullu to Walker, reciting the said mortgage from Cucullu to Villavaso, preserve the said mortgage?

Article 3369, R. C. C., says the effect of the inscriptions " ceases, even against the contracting parties, if the inscriptions have not been renewed before the expiration of this time (ten years) in the manner in which they were first made."

In this case the inscription of the mortgages in favor of Villavaso was made by recording the acts at large. In the act of sale of the land and slaves by Cucullu to Walker, the following is the recital: " And for the balance of the said price the said purchaser hereby binds himself to pay in the place and stead of the said J. S. Cucullu two promissory notes of the sum of ten thousand dollars each, drawn by the said Cucullu, and made payable as follows, to wit: One dated on the first day of February, 1850, payable twelve months after date, and secured by mortgage on the plantation only, granted by said J. S. Cucullu to Etienne Villavaso by act before L. A. Ducros, recorder of the parish of St. Bernard, on the seventh day of February, 1850, and the other dated on the fourth day of February, 1853, payable one year after date, and secured by mortgage on said plantation only, granted by the said Cucullu in favor of Etienne Villavaso, by act before the said recorder, on the fourth day of February, 1853; both which notes have been renewed from time to time, and now fall due on the first day of February next; and the said purchaser also assumes the two mortgages by which the payment of the said two notes is secured.

" By reference to the annexed certificate of the recorder of said parish of St. Bernard, it will appear that the said plantation and slaves are free from incumbrances, with the exception following, to wit:

" First—The two mortgages of Etienne Villavaso herebefore described and assumed."     *     *     *     *     *     *     *     *

It is clear that the inscription and reinscription of the foregoing are not the *manner* in which the inscriptions of the said two mortgages were first made, and are not therefore a faithful compliance with the article

·of the Code cited. The article requires that the reinscription shall be made in the same manner in which the first inscription is made. See 21 An. 204; 22 An. 402, 453.

Knowledge has been held not sufficient to dispense with reinscription. ·21 An. 426; 22 An. 402.

The position of plaintiff, that Hernandez is estopped from setting up a want of reinscription, because he acquired his rights from Cucullu, and in support of which he cites the case of Batey vs. Woolfolst, 20 An. 385, can not be maintained in this case. Hernandez is clearly a third person ·as to the acts of mortgage given by Cucullu to Villavaso, which have not been reinscribed. It was within the power of Villavaso or his subro- ·gee to preserve said mortgages by having them reinscribed according to law.

Judgment affirmed.

MORGAN, J., *dissenting.* I think this case is governed by the case of ·Beattie vs. Woolfolst, 20 An. —. Under the authority of that case, I think the judgment of the district court should be reversed.

I therefore dissent.

Rehearing refused.