## Case No. 1,039.
### BARRAS v. BIDWELL.

[3 Woods, 5.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1876.

PLEADING—EXCEPTION TO PETITION — LOUISIANA PRACTICE — ANSWER — JUDGMENT OF ANOTHER STATE — ACTION ON—FRAUD — RECONVENTION—PRIOR ADJUDICATION.

1. Under the jurisprudence of Louisiana, an exception to the petition of a plaintiff who sues as administrator, to the effect that the plaintiff is not administrator, must be pleaded in limine litis; it cannot be pleaded after judgment by default or after the filing of a defense to the merits.

2. Such an exception cannot be embodied in the answer, and by the rule of the court it must be verified by affidavit.

3. The same rules apply to the exception of lis pendens.

4. Fraud practiced in the recovery of a judgment cannot be pleaded in an action on the judgment, prosecuted in another state, unless such defense could be made in the courts of the state where the judgment was rendered.

[See Westerwelt v. Lewis, Case No. 17,446; Hampton v. McConnel, 3 Wheat. (16 U. S.) 234.]

5. It is a good ground of exception to a claim in reconvention, that it has been substantially adjudicated in another suit between the same parties in another state, where it was pleaded as a counter-claim.

6. The fact that the claim in reconvention is somewhat broader than the counter-claim, though founded on the same contract, will not relieve it from the exception. The whole might and should have been litigated and decided in the issue raised on the counter-claim.

7. A claim in reconvention should be pleaded with the same precision and detail as an original cause of action.

Heard upon exceptions of the defendant [David Bidwell] to petition of the plaintiff [Hiram D. Barras] on plaintiff's motion to strike out defendant's answer, and on plaintiff's exception to the defendant's claim in reconvention.

W. W. Howe, for plaintiff.
R. De Gray, for defendant.

WOODS, Circuit Judge. I. The defendant has incorporated in his answer an exception to the plaintiff's petition whereby he denies that the plaintiff is or ever was the administrator of the estate of Charles M. Barras, and avers that he never has been appointed, recognized or qualified as such in the state of Louisiana, and, therefore, cannot maintain this action in this state. This exception cannot stand for several reasons. First, it is pleaded, as the record shows, after a judgment by default, which is forbidden by article 333, Code Pr. Second, even if there had been no default, it comes too late, for it should have been pleaded in limine litis: Id. Third, it is waived by the filing of defenses on the merits: Wingate v. Wheat, 6 La. Ann. 241.

¹ [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

Fourth, it is embodied in the answer, which is expressly forbidden by article 333, Code-Pr.: Pecquet v. Pecquet, 17 La. Ann. 232. Fifth, it is not verified as required by rule 6 of this court. The exception is, therefore, overruled. The second exception is lis pendens. This is open to the same objections as the exception just considered. It is also conceded not to be well founded in fact. It is, therefore, dismissed.

II. The action of the plaintiff is based on the record of a judgment recovered in a cause between the same parties in the superior court of the city of New York, on Feb. 2, 1876. One of the defenses to the action is, that the judgment was obtained by fraud and improper practices on the part of the plaintiff; that defendant had a good and valid defense against the claim on which the judgment was rendered, which had been made known to his attorney, and proof thereof put in his possession, with instructions to make said defense, and the plaintiff fraudulently and corruptly induced defendant's attorney to withhold said defense and absent himself from the trial of the cause, and withhold the evidence in his possession, and permit the plaintiff to obtain said judgment against the defendant. The plaintiff moves to strike out this answer. The question is thus presented, whether fraud practiced in the recovery of a judgment can be pleaded in an action on the judgment. Article 4, § 1, of the constitution of the United States, declares that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." Pursuant to this constitutional provision, congress has prescribed how the records and judicial proceedings of the courts of the states and territories, shall be authenticated, and has declared that "the said records and judicial proceedings so authenticated shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken:" Rev. St. § 605. From this statement of the law, it is clear that the plea that judgment was obtained by fraud, cannot hold unless it would be good in the courts of the state where the judgment was rendered. See Hampton v. McConnel, 3 Wheat. [16 U. S.] 234; Christmas v. Russell, 5 Wall. [72 U. S.] 290; Maxwell v. Stewart, 22 Wall. [89 U. S.] 77; Mills v. Duryee, 7 Cranch, [11 U. S.] 481; Hockaday v. Skeggs, 18 La. Ann. 682; McLaren v. Kehler, 23 La. Ann. 80. In the state of New York, in whose courts the judgment sued on was rendered, it is held that "the judgment or decree of a court possessing competent jurisdiction is, as a general rule, final not only as to the subject matter thereby actually determined, but as to every other matter which the parties might liti-

gate in the cause, and which they might have had decided:" Embury v. Conner, 3 N. Y. 522; Le Guen v. Gouverneur, 1 Johns. Cas. 436; Etheridge v. Osborn, 12 Wend. 399; Gardner v. Buckbee, 3 Cow. 120; Burt v. Sternburgh, 4 Cow. 559; Wood v. Jackson, 8 Wend. 1; Wright v. Butler, 6 Wend. 284; Lawrence v. Hunt, 10 Wend. 80. As we are required to give the same force and effect to their judgment as would be given it by courts of the state of New York, and as the defense here set up could not be made against the judgment in those courts, it cannot be made here.

III. The defendant, assuming the character of plaintiff in reconvention, sets up a claim to damages for the violation, by the plaintiff, of the same contract upon which the plaintiff's suit in the superior court of New York city was founded. The claim in reconvention alleges that the defendant contracted with the plaintiff, in consideration of certain sums of money, for the exclusive right to exhibit, within certain specified territory, a spectacular drama called the Black Crook, of which the plaintiff's intestate was the owner, and that the plaintiff, in violation of his said contract, both exhibited said drama himself and caused others to exhibit it within the territory for which the defendant had the exclusive right under said contract—whereby the defendant sustained damages in the sum of ten thousand dollars, for which sum he asks judgment against the plaintiff. To this claim in reconvention the plaintiff has filed three exceptions. First, that the same cause of action was set up by way of counter-claim, in a suit between the same parties, in the superior court of the city of New York, and decided by the final judgment rendered in said cause on the 23d of December, 1876, and, second, that said reconvention is the same set up in the answer of the same defendant to a suit by this plaintiff, in a case No. 8,053 in this court, [unreported,] which reconvention was excepted to by this plaintiff on the same grounds above specified, and said exceptions were sustained and the said answers in reconvention dismissed by this court; and, third, that said reconvention is not pleaded with sufficient particularity and detail. In support of the first and second exceptions, the records of the cause in the superior court of the city of New York and of this court are produced. The only difference between the counter-claim, set up in the suit in the New York superior court, and the reconvention set up in this case is, that the former avers that the plaintiff wholly neglected to protect and secure to the defendant the exercise of the sole right to exhibit said drama within the territory named in the contract, but on the contrary, permitted it to be performed in said territory by others, and the latter charges that both the plaintiff and his intestate themselves exhibited said drama and caused others to exhibit it within the same territory.

Now, whether these two causes of action, to wit, the counter-claim set up in New York and the reconvention set up in this suit, are precisely the same, it is not necessary to determine. The claim in reconvention may be somewhat broader than the counter-claim, but it might and should have been litigated and decided in the issue raised upon the counter-claim in the superior court of New York city. The defendant is, therefore, concluded by the judgment upon the counter-claim in that case: Embury v. Conner, supra; Voorhees v. Bank of U. S., 10 Pet. [35 U. S.] 449; 2 Smith, Lead. Cas. tit. "Estoppel," 455, note; Outram v. Morewood, 3 East, 346. The claim in reconvention set up in the suit in this court, No. 8,053, and dismissed, is substantially the same as the one just passed on, and what has been said applies to it. It was also substantially disposed of by the judgment of the superior court of the city of New York. The reconvention under consideration appears to have been pleaded in too vague and general a manner: McMasters v. Palmer, 4 La. Ann. 381; Wilcox v. His Creditors, 11 Rob. (La.) 347; Jonau v. Ferrand, 2 Rob. (La.) 216. We think all the exceptions to the claim in reconvention, as pleaded, are well taken, and the reconvention must be dismissed.