## No. 1196.

### ESTATE OF LOUISA PRUDHOMME.

Where the inscription of a mortgage by authentic act contains a copy of all portions of the act upon which the mortgage is based, it complies with the requirement of Art. 3348 Rev. C. C., although it be not a copy of the entire act.

APPEAL from the Thirteenth District Court, Parish of St. Landry, *Hudspeth*, J.

*Lewis & Bro.* for Appellants.

*John N. Ogden* for Appellees.

The opinion of the Court was delivered by

FENNER, J. The sole question presented for our determination on the appeal is, whether the following inscription in the book of mortgages is sufficient to give effect to the mortgage against third persons:

"STATE OF LOUISIANA, ⎱
Parish of St. Landry. ⎰

"By an act of sale passed May 31st, 1878, before M. D. Kavanagh, notary public, duly commissioned and qualified in and for the Parish of St. Landry, State of Louisiana, Mary C. Beauchamp, wife of James O. Chachere, and Edward A. Beauchamp, a minor duly emancipated by decree of court, sold to Mrs. Louisa Prudhomme, wife of William Curley, all residents of the parish and State, a certain lot or square of ground situated in the Town of Washington, in the Parish of St. Landry, said square being known as No. 44 on a map of the town on file in the office of the recorder of the Parish of St. Landry, and bounded North by Michael street, South by Garrigues street, East by Washington street and West by Main street, together with all the buildings and improvements thereon or thereto appertaining, being the same property purchased by Charles H. Beauchamp, by act before P. D. Hardy, on record in recorder's office of St. Landry.

" The consideration of this sale is the sum and price of seven hundred and fifty dollars, lawful money of the United States, for which said sum the said purchaser has this day executed her two promissory notes for the sum of $375 each, one of said notes payable January 1st, 1880, bearing interest at the rate of eight per cent. per annum from date until paid, said notes made payable to her own order and by her indorsed in blank. A special mortgage with vendor's privilege is hereby reserved on said property to secure the payment of said notes with interest, as well as ten per cent. attorney's fees in case any of said notes have to be collected by suit. See act recorded in full in alienation book F No. 2, at pages 76, 77 and 78."

The contention of appellant is, that nothing except the inscription

of a literal and complete copy of the entire authentic act on which the mortgage is based will suffice.

He quotes the provisions of Art. 3342, Rev. C. C., declaring that "mortgages are only allowed to prejudice third persons when they have been publicly inscribed on records kept for that purpose and *in the manner* hereafter directed," and of Art. 3348, that "if the instrument on which the mortgage or privilege is based be an authentic act, a *copy* thereof shall be recorded."

He calls attention to the fact that this last provision appears for the first time in the Code of 1870, and claims that, therefore, the decisions in 5 An. 225, 6 An. 242 and 349, and even in 25 An. 637, cannot control its interpretation or effect, for the reason that the three first were decided prior to its adoption, and the last applies to the effect of an inscription made prior thereto.

What effect the argument may have against mere *memoranda*, abstracts and other statements of the contents of mortgage acts, which might be sanctioned as sufficient inscriptions under the prior law and under the decisions quoted, we will not now determine.

We content ourselves with holding that the inscription here presented is substantially, and to all intents and purposes, within the purpose and meaning of the law, a *copy* of the authentic act of mortgage. It is not a full and complete copy of the whole of the act, but we have carefully compared it with the act, and find it to be an exact and literal copy of all portions of the act upon which, in the language of the law, "the mortgage or privilege is based." Authentic acts may, and frequently do, contain an immense amount of matter utterly irrelevant to the subject of a mortgage upon a particular piece of property established therein. For instance, the act might recite a sale of numerous pieces of property, all described at length and all paid for in cash, except a single one for the price of which a mortgage was reserved, and it might contain lengthy contracts and arrangements about other matters between the parties.

Would it be supposed that the law maker required that a complete copy embodying such irrelevant matter should be inscribed in order to give notice of a mortgage upon a particular piece of property? Common sense forbids.

When a copy of those portions of the act bearing upon, and creating the mortgage, is inscribed, we must hold that the law is essentially complied with. Such is manifestly the case here, and to destroy the effect of such an inscription would be to stultify the makers and the interpreters of the law.

Judgment affirmed.