## No. 1299.

E. J. HART VS. C. D. CAFFERY, CURATOR.—J. H. MOSES, INTERVENOR.

An ancient debt, secured by mortgage, always kept alive, and finally acknowledged formally in a notarial act, whereby it is declared to be secured by mortgage on the same property, specially described, and which is duly and seasonably recorded in the parish in which the real estate encumbered lies, is entitled to be paid with a first rank, in preference to a debt acknowledged subsequently and secured by an act afterwards executed and next recorded.

In such a case it is immaterial whether the ancient act of mortgage was or not reinscribed within the ten years following its inscription.

The second act accomplishes the purposes of a reinscription and secures the debt as effectually as if the previous act had been reinscribed, at least as concerns the first subsequent mortgage creditor.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. DeBaillion, J.

---

*O. C. & J. Moulon* for Plaintiff and Appellee:

1. An act by which property is transferred to another, with the right in the latter to sell the same in satisfaction of a debt due by the transferrer, and the surplus, if any, after payment of said indebtedness to be returned to the debtor is not a sale or a giving in payment.  32 Ann. 949; 36 Ann. 439; 35 Ann. 108.

2. The intervenor has elected his plea of mortgagee and is bound by it.  23 Ann. 699; 35 Ann. 108.

3. When a title or a real right upon real estate is claimed to be valid under the laws of another State, where it was acquired, those laws must be produced in evidence or proved, otherwise the validity of that title or real right will be made to depend upon our own laws, more especially when that validity is denied.  15 Ann. 491; 9 R. 151; 8 Ann. 134; 14 Ann. 391; 17 Ann. 73; 24 Ann. 387.

The form of written instruments are governed by the law and usages of the place where they are passed; but their effect must be regulated by the laws of the place where the property to be affected is situated. C. C. Art. 10; 34 Ann. 797; 3 Ann. 212.

A conventional mortgage is a contract by which a person binds the whole of his property, or a portion of it only, in favor of another. to secure the execution of some engagement, without divesting himself of the possession. C. C. 3290.

An instrument by which mortgaged property is authorized to be sold extra judicially, is not valid under the laws of Louisiana, as far as third persons are concerned, whatever may be its effect between the parties; and that, even if executed out of the State. 3 Ann. 212; 34 Ann. 797.

An act purporting on its face to be a trust conveyance or deed of trust in fee simple will not be given the effect of an act of mortgage binding on third parties. 34 Ann. 797.

Reasonable doubt as to the true character of the Act will protect effectually third parties from its operation. 34 Ann. 800-1, opinion Associate Justice Fenner.

An act executed in Alabama, and avowedly a mortgage under the laws of that State, and affecting real estate in this State, will not, even between the contracting parties, have the effect here which is claimed for it in Alabama, and as a mortgage will not operate as a divestiture of title. 38 Ann. 890.

Mortgages should be inscribed in the proper book, otherwise third parties are protected. Louque's Digest Verbo Registry, II (C) Nos. 2, 3, 4, 6 and 7.

To novate a debt twoc onditions must concur. 1st, to extinguish an existing obligation; 2d, to substitute a new one in its place. C. C. 2185.

Novation is never presumed; it must clearly result from the terms of the agreement or by a full discharge of the original debt. C. C. 2190; Hennen Digest, p. 992, Verbo Novation, Nos. 1 and 2.

If the pre-existing obligation be only modified in part, and any stipulation of the original obligation is suffered to remain, there is no novation. C. C. 2187; 9 An. 228; 22 Ann. 184; 34 Ann. 534; Code Napoleon, 1273; Marcadé, vol. 4, p. 582; No. II, 765-768.

The transfer of a debt without subrogation is not the substitution of a new creditor. Marcadé, Vol. 4, p. 587; No. III, 769, 770. C. N. 1273; Civil Code, art. 2161; 21 Ann. 5; 27 Ann. 547.

The laws of registry is te give public notice with reasonable certainty of the essential particulars of a mortgage; and when that is done the purposes of the law are satisfied. 1 Ann. 219; 2 Ann. 251; 5 Ann. 225.

When the inscription of a mortgage by authentic act contains a copy of all portions of the act upon which the mortgage is based, it complies with the requirements of art. 3348, C. C., although it be not a copy of the entire act. 35 Ann. 984; 5 R. 225; 6 Ann. 242-349.

*M. E. Girard* for Intervenor and Appellant.

———

The opinion of the court was delivered by

BERMUDEZ, C. J.   This is a suit *via ordinaria*, to enforce the payment of a mortgage note, executed on December 3, 1872, and secured by mortgage by a notarial act, which was recorded on December 11 following in the Recorder's office of Lafayette Parish, in which the property is situated.

From time to time the mortgagor, Perry Moses, made payments on said note.

On March 3, 1880, plaintiff, as the holder of the note and the drawer

thereof, liquidated the indebtedness. Five notes, for different amounts, aggregating the amount due, were furnished by Perry Moses, to represent the former note and to be secured by the mortgage by which the payment of said note was guaranteed, on the same property which was specially described, with the express stipulation that neither the original debt nor the first mortgage would be considered as novated, and that payment of the five notes would extinguish the note and mortgage of 1872.

On October 20, 1885, Perry Moses appears to have executed a mortgage in favor of J. H. Moses, to secure payment of an indebtedness on the same property.

This act, the validity of which was impugned, was recorded on October 25th following.

This second mortgage creditor intervened, claiming priority over plaintiff, on the ground that the original act of mortgage had not been duly reinscribed, in fact, has not been reinscribed *at all*, and that the original inscription having perempted, by the lapse of the ten years following it, the debt claimed by plaintiff, although due, has ceased to be secured by mortgage on the real estate originally encumbered.

There was judgment in favor of plaintiff for the amount of his debt, recognizing it as secured by mortgage, and dismissing the intervention.

The intervenor alone appeals.

It is unnecessary to pass upon the question of formal reinscription raised by the intervenor.

Admitting that the original act was never reinscribed, it is enough to entitle plaintiff to recover, that the amount which he sues for was acknowledged as due him, and that its payment was secured by mortgage on the same property, which was specially described in the act, and that the instrument, complete in itself, was duly recorded at a date anterior, *years* previous, to the inscription of intervenor's act of mortgage.

The act subserves all the purposes which a technical reinscription would have accomplished, at least as concerns the first subsequent mortgage creditor.

Judgment affirmed.