SHORTESS, Judge.
Exxon Process & Mechanical Federal Credit Union (plaintiff) brings this appeal from a summary judgment dismissing its suit against Nathaniel Sowell and Suzie Mae Burrett Sowell (the Sowells). On August 14,1971, Peter Moncrieffe and Brenda Spencer Moncrieffe (the Moncrieffes) granted plaintiff a collateral mortgage on a lot owned by them in Baton Rouge. The mortgage was recorded on August 18, 1971. In 1977, plaintiff loaned a sum of money ($6,300.00) to the Moncrieffes with the mortgage as security. The Mon-crieffes sold the property in question to the Sowells by an act of sale dated June 3, 1981, which was recorded later in June 1981. This act of sale provided that the Sowells took the property “subject to” the collateral mortgage granted by the Mon-crieffes; the Sowells did not assume any personal obligations on money covenants of the Moncrieffes under the mortgage. The Moncrieffes defaulted on their obligation in January, 1984, and plaintiff brought this suit to enforce its mortgage on the property then owned by the Sowells.
The Sowells filed a reconventional demand[1] and a motion for summary judgment. The trial judge granted summary judgment in favor of the Sowells for these reasons:
[t]he debt which the collateral mortgage secures in the case at bar is represented by a $7,000.00 demand note. Because a demand note prescribes in five years, the collateral mortgage must be reinscribed within ten years from the date of the obligation in order for the effect of the original recordation to be retained. Thus, in the instant case, the collateral mortgage should have been reinscribed on or before August 14, 1981. The effect of registry ceased ... as to the Sowells on that date because the mortgage was not reinscribed.
(Citations omitted.)
Plaintiff argues that the recording of the act of sale from the Moncrieffes to the Sowells had the effect of a reinscription and preserved its security rights. Plaintiff relies on this paragraph in the act of sale:
11. Recognition of Existing Mortgages and/or Other Encumbrances. Yendor has advised and made known to purchaser THE PROPERTY HEREIN DESCRIBED AND CONVEYED IS SUBJECT TO AND ENCUMBERED BY THE FOLLOWING MORTGAGE INDEBTEDNESS, TO-WIT:
1. That certain Collateral Mortgage recorded in the office of the Clerk and Recorder of the Parish of East Baton Rouge, Louisiana, in MOB 2394, folio 721, which mortgage secures a promissory note made and executed by Peter Moncrieffe, Brenda Spencer Mon-crieffe to the order of Esso Process & Mechanical Federal Credit Union, dated August 14, 1971, in the original principal sum of Seven Thousand and No/100 Dollars ($7,000.00) stipulating to bear interest at the rate of Eight (8%) percent per annum which note was paraphed “Ne Varietur” by C. Alvin Tyler, Notary Public, for identification with an Act of Collateral Mortgage passed before him of even date therewith.
The purposes of reinscription are to provide public notice of the essentials of the mortgage and to limit “searching, for the evidence of mortgages, more than ten years back.” Poutz v. Reggio, 25 La.Ann. 637 (1873); Shepherd v. The Orleans Cotton Press Company, 2 La.Ann. 100 (1847). A number of Louisiana cases have interpreted LSA-C.C. art. 3369 (and its predecessor under the Civil Code of 1825, art. 3333) to allow a recorded bond or judgment or acknowledgment to function as a rein-scription if the mortgage is adequately described. These cases follow a principle an *160 nounced in Sauvinet v. Landreaux, 1 La. Ann. 219 (1846). There, the issue was whether the filing of a tutor’s bond (instead of a judge’s certificate recognizing the appointment) in the mortgage records constituted sufficient notice. The court concluded that:
[t]he bond furnished and inscribed in the present instance recited the appointment of the tutor, and the sum for which he was answerable to the minors, thus setting forth the material facts in relation to which the judge is permitted to give his certificate, and in regard to which third persons are to be informed. Any act inscribed in the recorder’s office, which conveys to third persons the knowledge of a mortgage, fulfils the object of the law, which is to give notice to the world of the incumbrances upon immovables, and to afford means of information to all interested in making the enquiry. Whether the knowledge of a mortgage be derived from the order of the judge appointing a tutor, the certificate of the appointment or the bond of the tutor, the notice is equally binding upon the party who is informed of its existence. Civil Code, articles 3315, 3316. The registry of the bond was, in our opinion, sufficient to give the required publicity to the legal mortgage....
Sauvinet, 1 La.Ann. at 221.
In Hart v. Caffrey, 39 La.Ann. 894, 2 So. 788 (1887), an acknowledgment of a debt which referred to a previously recorded mortgage was filed before the mortgage perempted. After ten years had elapsed following the original inscription of the mortgage, a second mortgagee claimed that the first mortgage had perempted. The court ruled against the second mortgagee, holding that the acknowledgment had the effect of a reinscription. Accord Poutz, 25 La.Ann. at 642-643; Life Ins. Co. of Virginia v. Nolan, 181 La. 357, 159 So. 583 (1935). In Lalanne v. Payne, 42 La.Ann. 152, 7 So. 481 (1890), the court held that the recordation of a judgment which recited the necessary elements of a previous mortgage effected a valid reinscription of that mortgage.
We doubt not that, if a judgment contained a full description of the mortgage in every essential particular, its registry would amount to a reinscription, not for the reason that such a judgment was a merger of the mortgage, but because this mode is recognized as an adequate one for the preservation of the mortgage.
Lalanne, 7 So. at 483.
These cases indicate that a rein-scription need not be so denominated and labelled. If the essential particulars of the mortgage are included, an acknowledgment, a correction, or a judgment can be sufficient to continue the effects of registry. Whatever the document may be called, if it fulfills the Legislature’s purpose in requiring reinscription, it can have the effect of a reinscription. See generally Note, Mortgages — Recordation—Manner of Reinscription — Article 3369, Louisiana Civil Code of 1870, 10 Tulane Law Review 146 (1935).
The question thus becomes whether the description of the mortgage contained the elements essential to give notice to third parties. It set out the parties to and the date of the original act of mortgage, the original principal amount of the note, the interest rate, the date when the mortgage was confected, the book and folio in which the mortgage was recorded, the name of the notary, and a detailed description of the property mortgaged. In short, it included all the “substantial particulars” of the mortgage. Nolan, 159 So. at 585.
The Sowells argue that plaintiff has attempted to place the burden of reinscription on them when it is the duty of the mortgagee to protect its security interest. We agree that plaintiff wishes to benefit from an act of recordation by other parties. But, according to the jurisprudence discussed above, the fact that the mortgagee does not itself cause the reinscription is irrelevant. Nor does Article 3369 require that the mortgagee reinscribe the mortgage. The purpose of the requirement of *161 reinscription is public notice; in this case, the act of sale provided the requisite notice.
For the foregoing reasons, the judgment of the trial court is reversed, and the ease is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Sowells.
REVERSED AND REMANDED.

. Only the question of the propriety of the summary judgment is before us.