## J. & J. M. HOCKADAY v. ELI A. SKEGGS.

It has been settled, by frequent decisions of this Court, that, in order to enable the Courts of this State to give effect here to a judgment rendered in another State, the whole record of the proceedings, under which the judgment was obtained, must be produced, in order to show how far it may be conclusive. The transcript must show that the proceedings are clothed with the forms necessary to the validity of a judgment in the State from which it comes. It must also show that the defendant had due notice, or that he actually appeared. In the absence of evidence, either impeaching a foreign judgment or going to show that it had not, under the laws of the State where it was rendered, the effect of a final judgment, our Courts are bound to consider it as having the force of the thing adjudged.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Whitaker & Fellows*, for appellant. *J. G. White*, for appellees.

TALIAFERRO, J. The plaintiffs seek to enforce a judgment rendered in

their favor against the defendant, in the city of Philadelphia, in December, 1859, for the sum of twelve hundred and twenty dollars, principal, and the further sum of sixty-five dollars, costs.

The defendant put in a general denial. He avers that the pretended judgment sought to be enforced against him was obtained in fraud of his rights, and by deception and ill practices.

The plaintiffs had judgment in the lower Court, and the defendant has appealed.

Two bills of exception were taken by the defendant to the ruling of the Court below. The first, to the refusal of the Court to admit evidence to substantiate the fraud and irregularity alleged by defendant to have been used in obtaining the Pennsylvania judgment. This evidence was properly excluded by the Judge a quo, on the ground that the alleged fraud was matter of defence in the original action, and that it cannot now be set up against the foreign judgment.

The second bill of exceptions raises the only question of importance presented in the case. The defendant objected to the introduction of the record of proceedings had in the suit in Pennsylvania, on the ground that the record is mutilated and incomplete, as it does not contain the bill of exchange upon which the action was founded, the plea or defence, nor the rule for a new trial; and that the absence of these documents is not accounted for.

The clerk or prothonotary of the District Court of the city and county of Philadelphia, certifies the transcript to be a true copy of the whole record of the case ; yet, the record presented shows by his own statement, therein made, that the copy of the bill of exchange, upon which the suit was founded, the plea of the defendant, and his motion for a second new trial, were missing, and could not be found, after diligent search for these papers had been made.

It has been settled, by frequent decisions of this Court, that, in order to enable the Courts of this State to give effect here, to a judgment rendered in another State, the whole record of the proceedings, under which the judgment was obtained, must be produced, in order to show how far it may be conclusive. The transcript must show that the proceedings are clothed with the forms necessary to the validity of a judgment in the State from which it comes. It must also show that the defendant had due notice, or that he actually appeared. In the absence of evidence either impeaching a foreign judgment, or going to show that it had not, under the laws of the State where it was rendered, the effect of a final judgment, our Courts are bound to consider it as having the force of the thing adjudged. 10 L. R. 222. Ibidem, 381. 18 L. R. 33. 19 L. R. 526. 3 An. 634. 5 An. 43.

These conditions are all fulfilled in the case before us. The record discloses that personal service of citation was made upon the defendant; that he actually appeared; that, in his affidavit of defence, he admitted the

existence of the bill of exchange sued upon, and that, after a verdict was rendered by the jury against him, he applied for and obtained a new trial.

The final judgment rendered against him must be taken as conclusive. The presence of the papers missing from the record would add nothing to its purport. Their absence does not diminish or alter its effects. Demminus non curat lex.

We concur with the learned Judge à quo in the lucid views expressed in the judgment of the Court below.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.