## William A. Chamberlain v. Minnie E. Britton.

### Gen. No. 13,298.

1. NUL TIEL RECORD—*what proof of judgment required upon interposition of plea of.* If the judgment of a sister state is relied upon to establish any particular state of facts upon which the judgment was based, or as a matter of estoppel, then the entire record must be produced, but when it is only sought to prove the contents and existence of the judgment, an authenticated copy of the judgment itself is admissible in evidence and sufficient.

2. FOREIGN JUDGMENT—*what entitled to full faith and credit.* A decree for alimony entered in a sister state is such a judgment as is under the statute entitled to full faith and credit in this state.

3. FOREIGN JUDGMENT—*what interest allowable upon.* A foreign

Chamberlain v. Britton.

judgment sought to be enforced in this State bears interest if the laws of the State in which it was rendered so provide and at the rate fixed by such laws.

4. ALIMONY—*what does not terminate right to.* Remarriage does not *ipso facto* terminate the right to alimony provided for by decree of court.

Action of debt. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed October 4, 1907.

**Statement by the Court.** Appellee brought an action of debt against appellant in the Superior Court. The declaration in a single count averred that plaintiff, May 12, 1897, under the name of Minnie E. Chamberlain: "in the special term of the Supreme Court held in the city of Buffalo in the county of Erie and State of New York," recovered against the defendant "in an action of divorce the sum of $260 per annum, payable weekly from the date of said decree," etc. Defendant filed several pleas, but by agreement of the parties all of the pleas except the plea of *nul tiel* record were withdrawn and the cause submitted to the court with a stipulation that defendant might offer under said plea any evidence he might offer under any special plea, etc. The court found the issues for the plaintiff; held that the five-year statute of limitations governed; that plaintiff was entitled to interest at the rate of 6 per cent, the rate fixed by the laws of New York; found the plaintiff's debt to be $1,300, and her damages $338, the amount of interest due up to the time of the trial, and entered judgment for $1,300 debt and $338 damages, entire, etc., and the defendant appealed.

FREDERICK S. SCHOOLER, for appellant.

FRANK P. SADLER and ELLSWORTH T. MARTIN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The plaintiff put in evidence not an authenticated copy of the entire record of the decree of the New York court, but such copy of the decree alone. There has been some conflict of opinion as to whether it was or was not necessary to produce the entire record of a sister state judgment in an action on such judgment when there was a plea of *nul tiel* record. In Hallum v. Dickinson, 47 Ark., 120; Howell v. Shands, 35 Ga., 66; and Hockaday v. Skegs, 18 La. Ann., 681, it was held that the entire record must be produced.

In Rathbone v. Rathbone, 1 Pick., 1; Haynes v. Cowen, 15 Kan., 637; and Rainey v. Hines, 121 N. C., 318, it was held sufficient in such case to produce a copy of the record of the judgment order or entry only. In the case last cited it was held that if the judgment of a sister State is relied upon to establish any particular state of facts upon which the judgment was based, or as a matter of estoppel, then the entire record must be produced, but when it is only sought to prove the contents and existence of the judgment, an authenticated copy of the judgment itself is admissible in evidence and sufficient. 13 Eng. & Am. Ency. of Law, 1045.

In this case the defendant excepted to the admission of the copy of the judgment, but his objection thereto was that the copy did not appear to be certified to by the judge of the Supreme Court. The judgment recites that it was rendered at a special term of the Supreme Court held at Buffalo in the county of Erie and State of New York. The clerk in his attestation designates himself as the "clerk of the county of Erie and also the clerk of the Supreme and County Courts in and for said county," and affixed the seal of said county and courts. The judge commences his certificate with the words:

"State of New York, ·

"County of Erie, ss:" he designates himself as a justice of the Supreme Court in and for the eighth judicial district of the State of New York, and the presiding magistrate at a special term of the Supreme Court held in and for the county of Erie in said district, and certifies that the attestation of

Chamberlain v. Britton.

the clerk "is in due form and by the proper officer." We think it sufficiently appears from the certificates that Erie county is a county in the eighth judicial district of the State of New York, and that the judge who signed the certificate was the presiding judge of the Supreme Court held in and for Erie county, the court that entered said decree.

The decree finds that summons and complaint had been served upon the defendant, "and that the defendant had appeared by his attorney George C. Lewis, Esq., but had made default in pleading." There is nothing in the record to contradict this recital, and it sufficiently shows jurisdiction of the person of the defendant. Coursen v. Hixon, 78 Ill., 340; Timmerman v. Phelps, 27 id., 496; Haynes v. Cowen, 15 Kan., 479.

The decree finds that the defendant had committed the several acts of adultery charged; decrees that the marriage between the complainant Minnie E. Chamberlain and the defendant William A. Chamberlain be dissolved and the parties divorced; decrees that defendant pay the plaintiff $260 per annum for the support and maintenance of herself and Norman E. Chamberlain, the son of said marriage.

Appellant contends that the decree of the New York court is not such a judgment or decree as the Federal constitution and statutes require shall be given full faith and credit in other states, and is not a decree upon which an action of debt will lie in this state. We think the case of Dow v. Blake, 148 Ill., 76, conclusive against both of these contentions.

March 9, 1898, plaintiff married Joseph Britton and has since lived with him as his wife. Norman Chamberlain was eighteen years old at the time of the trial of this case and was then living with plaintiff and her husband. Appellant contends that such marriage of plaintiff bars her from recovering any alimony which by the terms of the decree became due after such marriage. In Stillman v. Stillman, 99 Ill., 196, a decree for a divorce and $60 per month alimony was entered by the Circuit Court. January 14, 1880, the wife remarried. The alimony was paid up to the time of

such marriage. The husband then applied to the Circuit Court in the same cause to so modify the decree as to relieve him from the payment of any more of said alimony. April 12, 1880, the Circuit Court entered an order that said decree be so changed and modified that defendant should from that date pay one dollar per year alimony in lieu of the $60 per month ordered to be paid by the original decree. Upon appeal to this court the majority of the court held that the modification of the decree was improper and reversed so much of said order of April 12, 1880, as modified said original decree. Stillman v. Stillman, 7 Ill. App., 524. In a dissenting opinion Mr. Justice Wilson said, page 535: "I am of the opinion, both upon reason and the weight of authority, that the remarriage of a divorced wife should be held to defeat the continuance of alimony." Upon a further appeal to the Supreme Court the judgment of this court was reversed and the cause remanded, with directions to affirm the decree of the Circuit Court in all things. One of the grounds of reversal urged in the Supreme Court by the husband was, that the court erred in not making the reduction in the alimony take effect from the marriage of the wife, and that court held that the Circuit Court did not err "in refusing to make its decree retroactive so as to cut off alimony that had previously accrued." It appears from the report of the Stillman case in this court that the husband applied to the Circuit Court, "for such modification of said decree as would relieve him from the payment of any more of said alimony." The court in that case had under the statute of this state power to modify the decree for alimony. In this case the Superior Court had no such power. But independent of the statute, the Circuit Court in the Stillman case had, to say the least, quite as much power to decide that the remarriage of the wife *ipso facto* relieved the husband from the payment of any further alimony and to so decree, as the Superior Court in this case had to decide that the remarriage of the wife *ipso facto* relieved the husband from the payment of alimony falling due after such remarriage, and adjudge that such remarriage was a bar to the right of the

Chamberlain v. Britton.

wife to recover installments of alimony falling due after such remarriage. The Circuit Court in the Stillman case, by refusing to decree that by reason of the remarriage of the wife the husband was relieved from the payment of alimony falling due after such remarriage and by refusing to make the order modifying the original decree take effect at the date of the remarriage of the wife, in effect held that the remarriage of the wife did not *ipso facto* relieve the husband from the payment of the alimony allowed by the original decree. The decree of the Circuit Court was in all things affirmed by the Supreme Court and that decision must, we think, be held conclusive against the contention of the appellant that the remarriage of the plaintiff barred her right of recovery in this case for alimony falling due after such remarriage.

But the contention of appellant must, we think, be overruled upon another ground.

The plaintiff offered in evidence the opinion of the Supreme Court of New York in Shepherd v. Shepherd, 1 Hun, 240, and read therefrom as follows: "Where, upon a divorce obtained by the wife, on the ground of the husband's adultery, the decree requires him to pay her a certain sum of money annually for her support, this allowance is not affected by her subsequent remarriage, nor should it be reduced on that account."

Defendant's counsel then said: "I concede that the opinion is to the effect of what counsel has read, and I think it is not necessary to read into the record any more of it," and no more was read.

Fireman Ins. Co. v. Thompson, 155 Ill., 204, was an action on the record of a Wisconsin judgment, and it was said: "Whatever pleas would be good to a suit on the judgment in that State, and no others, can be pleaded in the courts of this State." If this action had been brought in New York, then under the rule stated in Shepherd v. Shepherd, a plea by the defendant setting up the remarriage of the plaintiff as a defense to the action would not have been a good plea.

Appellant further contends that the court erred in holding

that plaintiff was entitled to interest on the installments of alimony from the time the same became due, and further that if interest was recoverable it was at the rate of interest fixed by the statute of Illinois, and not that fixed by the statute of New York. The statute of New York put in evidence provides that: "A judgment for a sum of money, rendered in a court of record, or not of record, directing the payment of money, bears interest from the time when it was entered," and fixes the rate of interest at 6 per cent per annum. In this State in an action on a judgment of a sister state, interest is allowed on the judgment at the rate fixed by the law of such state. Warren v. McCarthy, 25 Ill., 95; Morris v. Wibaux, 159 *id.*, 649.

We think the court did not err in the allowance of interest.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*