## The People of the State of Illinois, Appellee, v. Artesian Stone and Lime Works Company, Appellant.

### Gen. Nos. 14,439, 14,723.

1. DECREES—*when bind state notwithstanding not a party.* The People of the State are bound by a decree rendered against the city of Chicago with respect to easement rights in real property claimed by such city.

2. DECREES—*when clerical error disregarded.* A clerical error in the decretal part of a decree in describing the real property affected will be disregarded if the true description intended is apparent.

3. DECREES—*when absence of pleadings does not affect competency.* If the absence of the pleadings upon which a domestic decree is founded may be availed of as against its admissibility, a specific

objection to their non-production is essential to raise the question.

4. DEDICATION—*how question of, determined.* The absence of street designations upon a recorded plat of the property in question is not alone sufficient to justify the court in finding against a common law dedication; the entire plat must be considered in determining the intention of the owner.

14,439:  Appeal from the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed with finding of fact. Opinion filed July 9, 1909.

14,723:  Appeal from the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed July 9, 1909.

ENOCH J. PRICE, JOHN E. WATERS and VERNE A. WRIGHT, for appellant.

JOHN J. HEALY, for appellee; DANIEL L. CRUICE, of counsel.

MR. JUSTICE MACK delivered the opinion of the court in both cases.

On information filed in the Municipal Court of Chicago, the appellant was convicted, in each case, of a violation of section 221, subsec. 5 of the Criminal Code of Illinois which declares it to be a public nuisance "to obstruct or encroach upon streets," and was fined $100 and $25 respectively.

The basis of the charge in case No. 14439 is the maintenance of a fence in the space alleged to be a part of Campbell avenue, between the solid line just west of the dotted line marking the east boundary of Block 7, and said dotted line, and in case No. 14723 the maintenance of a fence and buildings in the space, alleged to be Ohio street, between the solid lines in blocks 7 and 10, north and south respectively of the dotted line dividing said lots; all in Wright and Webster's subdivision of the N. E. ¼ of S. 12, T. 39 N., R. 13 E. of the 3rd P. M., in Cook county, Illinois, as shown on the plats recorded as follows:

190     APPELLATE COURTS OF ILLINOIS.

The People v. Artesian Stone and Lime Wks. Co., 150 Ill. App. 188.

*Subdivision*
*by*
*Edward Wright and*
*Joseph D. Webster.*

} Map, acknowledged July 20, 1852, and recorded July 20, 1852, in Book 49 of Maps, page 20.

Subdivides the N. E. ¼ of Section 12 T. 39 N. R. 13 E. of 3rd P. M. into 16 Lots or Blocks and Streets.

Said map is as follows:

The dimensions marked in acres under each block number include the spaces between the solid and dotted lines: the dotted lines form the boundaries of the blocks; all measurements noted except those marked 1.00 and .50 are of the spaces between the dotted lines.

The defendant introduced in evidence a decree rendered in the Circuit Court of Cook county in 1896 in a cause wherein appellant's predecessors in title were complainants and the city of Chicago was defendant. By this decree, after reciting that the cause came on to be heard on bill, answer, replication and master's report, and finding that the complainants are the owners of so much of the alleged Campbell avenue as is involved in case No. 14439 and of the north 33 feet of the alleged Ohio street; that such spaces are a part of block 7; that they are unburdened with any easement or servitude whatever; that they are not and never have been public highways; that the city of Chicago or the general public or any other person or persons have not acquired any right, by dedication, user or prescription or otherwise, to use said pieces of land or either of them as public streets or highways and that they are not and never have been public streets or highways, the court decreed in accordance with the findings and perpetually enjoined the city from claiming said premises as a public street or from interfering with the complainants' possession thereof.

Under the decision in Healy v. Deering, 231 Ill. 423, it must be held that the decree against the city of Chicago, introduced in evidence, is binding upon the people of the State of Illinois. The city of Chicago, as trustee for the people, either as claimant of the fee, under a statutory dedication, or as claimant of an easement, under a common law dedication (Maywood Co. v. Village of Maywood, 118 Ill. p. 61, at p. 71), fully represented the public in the proceedings and both are equally bound thereby.

The Supreme Court says in Healy v. Deering, *supra,*

at page 430: "A city's relation to its streets and alleys is that of trustee for the use and benefit of the public, and in legal proceedings where the existence of a public street is involved the public may be represented by the city or by the Attorney-General or the State's attorney. If a suit is instituted by an individual to establish the title to and recover the possession of land claimed by a city to be a public street, it is not necessary that both the city and the people of the state should be made parties to the suit in order that the judgment may be binding upon the public. Neither is it necessary in an action to establish the existence of a public street that the people of the state and city should join as plaintiffs. In such case, where the city is a party, it is the representative of the public. The people of the state are privies, and a judgment not the result of fraud and collusion is binding upon the people."

Appellee contends that this decree was improperly admitted in evidence and cannot now be considered: first, because of the failure to offer in evidence the pleadings on which it was based; second, because, in the decretal part, the property is described as being in range 12 instead of in range 13. The property, however, is not only correctly described in the findings of the court, but moreover it is shown that no piece of land would fully answer the complete description contained in the decretal part. The mistake is evidently purely clerical and may, under the circumstances, be disregarded.

Whatever be the correct rule as to the necessity of introducing the entire record in a suit on a foreign judgment (see McMillan v. Lovejoy, 115 Ill. 498) or in support of the defense of res adjudicata (3 Wigmore Evidence, sec. 110, n. 2), this objection, if valid, must be specifically made at the trial. Chamberlain v. Britton, 136 Ill. App. 290; affirmed in 234 Ill. 246. The admissibility of the decree was objected to by appellee only on other grounds which were properly overruled.

Inasmuch as this decree covers the entire property alleged to be encroached upon in case No. 14439, and, as against the appellee, determines that the space in question is not a public street, the judgment in case No. 14439 must be reversed with a finding that the defendant therein is not guilty of the offense charged in the information.

In case No. 14723 the appellant contends that the decree, in finding the north thirty-three feet of the alleged Ohio street not to be a public street, necessarily determined also that the south thirty-three feet (which was not directly involved in the chancery proceedings) is not a public street. It is true that in O'Connell v. C. T. R. R. Co., 184 Ill. 308, the court held a former decree, denying the existence of a high way over lots 3 and 4, to be admissible in favor of the owner of the adjoining lot 5, but in that case the defendant's rights depended upon establishing the existence of a highway over all three of the lots.

We cannot determine from the decree alone, which was offered in evidence in the present case, that because of the finding of the court against the existence of a street in the south thirty-three feet of block 7, it necessarily follows that the north thirty-three feet of block 10 is equally free from any public easement, however likely it may be that the court would have so found, had the question arisen in those proceedings.

An inspection of the recorded plat shows the absence of any street designations but, as is clearly pointed out in People v. C. & N. W. Ry. Co., 239 Ill. 42, this alone is not sufficient to justify the court in finding against a common law dedication. The entire plat must be studied in determining the intention of the owner. Now in this subdivision, it will be noted that the spaces between the solid lines running north and south are marked as one chain in width, but the width of the space here in question, the alleged Ohio street, is not given. Inasmuch as the marked acreage of blocks 7 and 10 includes this space, it is impossible

194    APPELLATE COURTS OF ILLINOIS.

Womans Temperance Bldg. Assn. v. Devore, 150 Ill. App. 194.

to determine from the map itself how wide the alleged street is. Unlike the space in People v. C. & N. W. Ry. Co., *supra,* there is no natural boundary line, like the river, on one side, and no lot of given dimensions on the other. Whatever might have been the view of this court but for the chancery decree, as to the dedication of the space between blocks 7 and 8, marked one chain, we cannot find any dedication of the alleged Ohio street. Neither from the drawing of a solid line at some distance north and south of the dotted line marking the boundary between blocks 7 and 10, nor from anything else in the plat, can we find any intention that the space between said lines should be of any specified width.

In the absence of any evidence, by which either the width or at least the boundaries of the alleged street can be fixed, and in the absence of any evidence of the owner's intention other than the recorded plat may show, we are constrained to hold that there is no evidence of a dedication of the space in question.

The judgment in case No. 14723 will be reversed and the cause remanded.

*Reversed with finding of fact as to 14439.*
*Reversed and remanded as to 14723.*