**JONES v. PIERSON et al.**

No. 6262.

Court of Appeal of Louisiana. Second Circuit.

Feb. 4, 1941.

Clint L. Pierson, of Baton Rouge, for appellants.

Gahagan & Pierson, of Natchitoches, for appellee.

TALIAFERRO, Judge.

This suit was consolidated for trial in the lower court with No. 6263 on the docket of this court, entitled West Brothers v. Dr. W. H. Pierson et al., —— So. ——, decided today.[1]

Plaintiff sued Dr. W. H. Pierson, James F. Pierson and the Commercial National Bank in Shreveport, trustee of the estate of W. F. Johnson, to recover the contract price for re-roofing the building referred to and described in said suit No. 6263, to-wit, $495, less $215 previously paid thereon by the Piersons. Issue, as to the trustee, was not joined either by answer or default.

The Piersons admit liability for the balance of $280 due on account and aver that they had deposited in the registry of the court $228 for which they were sued by West Brothers in said suit No. 6263, to be paid over to whom the court should adjudge entitled thereto; and had tendered to plaintiff, Jones, $52, the difference between the amount so deposited and the $280 sued for herein, which tender was refused. They pray to be granted permission to deposit in the registry of the court said sum of $280, there to remain until it is finally decided which of the two plaintiffs is entitled to that portion of same in controversy; that is, the amount sued for by West Brothers.

Plaintiff was awarded judgment against the Piersons in solido for $280 with legal interest thereon from November 16, 1939, and they appealed.

Appellee has moved to dismiss the appeal on the ground that the appeal bond is insufficient in form in that the surety therein did not by affidavit justify his worth as such; nor did the principal make affidavit that the surety was worth the amount for which he obligated himself, over and above his debts, liabilities and exemptions. There is no merit in the motion. Issues raised therein address themselves solely to the court of original jurisdiction which retained jurisdiction of the case to the extent necessary to pass thereon. Objections of this character come too late in this court. Act No. 112 of 1916.

In suit No. 6263 we held that West Brothers had no cause of action against the Piersons for the damages therein sued for, and affirmed the judgment of the lower court to that extent. Therefore, the fear of the Piersons of having to pay the $228

[1] Not released by court at date of publication.

twice is not well founded. They admit that they agreed with the trustee to pay the cost of re-roofing the building if they purchased the same, and in keeping with that agreement did pay $215 thereon. They are unconditionally bound to pay the balance due.

 While the tender and deposit by the Piersons were not sufficient to shift responsibility for court costs from them to plaintiff, yet, in view of the facts of the case, it would be inequitable to mulct defendants therefor. They at all times stood ready to pay the balance due on the price of roofing to whom due, but were averse to exposing themselves to double payment thereof.

Appellate courts of this state are vested with power to tax the costs of the lower and appellate courts against any party to the suit "as in its judgment may be deemed equitable." Act No. 229 of 1910. Availing ourselves of the provisions of this statute, plaintiff will be cast for all costs. The situation created by his own fault and negligence made necessary both suits.

For the reasons herein assigned, the judgment appealed from is affirmed, save as to costs, and these are hereby assessed against the plaintiff.