SAVOY, Judge.
Plaintiff secured a money judgment against defendant in the State of Mississippi. He filed suit in this state in the instant case to have the judgment recognized in Louisiana. After a trial on the merits, the district judge rejected plaintiff’s demand and dismissed his suit. Plaintiff appealed to this Court from said judgment.
Counsel for defendant filed a motion to dismiss the appeal on the following grounds:
1. That the bond for security for costs filed by plaintiff-appellant in the above-captioned proceeding is defective for the following reasons, to-wit:
a. The bond is not signed by the principal, but rather by the alleged surety on the said bond.
b. That the bond for security for costs filed herein has not complied with Article 5122 of the LSA-Code of Civil Procedure in that it does not have an affidavit by the surety that he is worth over the amount for which he has bound himself in assets subject to execution over and above all of his other obligations and that the party furnishing the bond has not signed an affidavit to the effect that he is informed and believes that each surety on the bond is worth over the amount for which the surety has bound himself therein in assets subject to execution over and above all of the other obligations of the surety.
Article 5125 of the LSA-Code of Civil Procedure provides, in part, that:
“No appeal, order, judgment, writ, mandate, or process conditioned on the • furnishing of security may be dismissed, set aside, or dissolved on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is affprded an opportunity to furnish a new or supplemental bond, as provided in Articles 5124 and 5126.”
Article 5124 of the LSA-Code of Civil Procedure provides:
“Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety.
“The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security.
“The furnishing of a supplemental bond, or the furnishing of a new bond by a different surety, does not discharge or release the surety on the original bond; and the sureties on both are liable in solido to the extent of their respective obligations thereon and may be joined in an action on the bond.”
Article 5126 of the LSA-Code of Civil Procedure provides:
“The party furnishing a new or supplemental bond under the provisions of Article 5124 may correct an insufficiency or invalidity therein by furnishing a second new or supplemental bond within four days, exclusive of legal holidays, of rendition of judgment holding the new or supplemental bond insufficient or invalid, or at any time if no rule to test the new or supplemental bond has been filed.
“If the second new or supplemental bond is insufficient or invalid, the party furnishing it may not correct the defects therein by furnishing a further new or supplemental bond.”
*419 Plaintiff has now filed with this Court a certificate showing that a proper bond has been filed.
In view of the fact that defendant did not comply with the provisions of L.S.A. Article 5125 of the Code of Civil Procedure, his motion to dismiss the appeal must be overruled.
In the case of Jones v. Pierson, et al., (La.App., 2 Cir., 1941), 200 So. 338, the court held that the issues raised by a motion to dismiss an appeal on the ground that the appeal bond was insufficient in form, in that the surety therein did not by affidavit justify his worth, and that principal did not make affidavit that surety was worth the amount he obligated himself, over and above his debts, liabilities and exemptions, were addressed solely to the court of original jurisdiction, which retained jurisdiction of the case to extent necessary to pass thereon, and could not be raised in the Court of Appeal. See also L.S.A. Article 2088 of the Louisiana Code of Civil Procedure.
In Anagnosti v. Toye Bros. Yellow Cab Co., (La.App., Orl., 1951), 52 So.2d 875, appellee filed in the Court of Appeal a motion to dismiss the appeal because the bond furnished by appellants had not been signed by the principal nor the surety, and in the affidavit which was signed by the surety, the statement as to his worth over and above his obligation was left blank. The appellants then filed a new bond which has not been attacked. The court overruled the motion to dismiss the appeal because appellee had not complied with Section 3 of Act 284 of 1928 (L.S.A.-R.S. 13:4573 which is similar to L.S.A. Article 5124 of the revised Civil Code of Procedure) which provided that should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four (4) judicial days thereafter, to furnish a new bond.
For the reasons assigned, the motion to dismiss the appeal is overruled.
Motion to dismiss overruled.