146 So.2d 242 (1962)
Paul O. LEE, Plaintiff-Appellant,
v.
Egan N. CARROLL, Defendant-Appellee.
No. 659.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1962.
*243 Domengeaux & Wright, by Bob F. Wright, Lafayette, for plaintiff-appellant.
Bean & Rush, by Warren D. Rush, Lafayette, for defendant-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
The plaintiff Lee obtained a judgment in Hancock County, Mississippi, against the defendant Carroll, a resident of Lafayette Parish, Louisiana, for property damage caused by an automobile accident in Mississippi. By this suit, Lee seeks to have the Mississippi decree recognized and made the judgment of a Louisiana court. LSA-C.C.P. Art. 2541.
The trial court dismissed the present suit, and Lee appeals. (We have previously overruled a motion to dismiss the appeal. La.App., 143 So.2d 417.)
Carroll's defense is that the Mississippi judgment was obtained against him through fraud and ill practice. He claims that he intended to contest the suit in Mississippi, but that he did not do so because he was misled by the plaintiff Lee.
The trial court found the following facts:
"The evidence shows that there were negotiations looking toward a compromise and that on March 11, 1960 he [the defendant Carroll] received a telegram from Lee's Mississippi attorney to the effect that the case would be continued until further notice to Carroll. According to Carroll's testimony he never again heard from the Mississippi attorney until that attorney notified him that a judgment had been taken. * * * [T]he Court does not feel that there is sufficient evidence in the record to refute the positive denial of Mr. Carroll to the effect that he never received notice of the intention of Lee's attorney to proceed with the Mississippi suit."
In the absence of admissible contradictory evidence, we find no error in the trial court's accepting Carroll's testimony as true.
Aside from factual contentions, the plaintiff-appellant primarily contends that the final judgment by a competent court of a sister state is conclusive of the matters therein determined and must be given full faith and credit. Hockaday v. Skeggs, 18 La.Ann. 681; West Feliciana R. Co. v. Thornton, 12 La.Ann. 736, 68 Am.Dec. 778. It is also argued that the trial court was in error in permitting a collateral attack on the judgment by admitting evidence of fraud. Hockaday v. Skeggs, above-cited.
Generally speaking, a valid judgment of the court of a sister state cannot be collaterally attacked, when the foreign court had jurisdiction of the subject matter and of the parties. 50 C.J.S. Judgments §§ 868 (p. 442), 874 (p. 449), 889 (p. 470). However, fraud in obtaining the foreign judgment is a valid defense to a suit for its recognition in another jurisdiction; in general, the judgment may be attacked for fraud in its procurement, at least when such fraud could be set up against a domestic judgment in an action in the state of rendition. 50 C.J.S. Judgments §§ 874b. (p. 450), 895 (p. 511); Annotation, "Fraud as defense *244 to action on judgment of sister state," 55 A.L.R.2d 673.
As these authorities note, the type of fraud available as a defense to the judgment is that which prevented the setting up of an effective defense or which prevented an adversary trial of the issuesso called "extrinsic" fraud practiced in the very act of obtaining the judgment, collateral to the issues tried by the original action. On the other hand, defenses relating to the allegedly fraudulent character of the original cause of action ("intrinsic fraud") may not be used as a bar to enforcement of the foreign judgment.[1] See also: Annotation, "Criterion of extrinsic fraud as distinguished from intrinsic fraud * * *", 88 A.L.R. 1201; 49 C.J.S. Judgments § 434 (p. 859); 30A Am.Jur. "Judgments", Section 784 (p. 725).
Both in Mississippi (Hirsch Brothers & Co. v. R. E. Kennington Co., 155 Miss. 242, 124 So. 344, 88 A.L.R. 1; McCraney v. New Orleans & N. E. R. Co., 128 Miss. 248, 90 So. 881; Weems v. Vowell, 122 Miss. 342, 84 So. 249) and in Louisiana (Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253; Shneckenberger v. John Bonura & Co., 14 La.App. 692, 130 So. 870; see also: Alonso v. Bowers, 222 La. 1093, 64 So.2d 443; Hall v. Hall, La.App., 127 So. 2d 347), a domestic judgment may be held to be unenforceable because of extrinsic fraud used in obtaining it. In Louisiana and in most jurisdictions in which the question has arisen, it has been held that a valid defense to a suit to enforce a foreign judgment is that the judgment was obtained by the plaintiff in violation of an agreement not to take a judgment against the defendant or not to take any further action without notifying the defendant, such ill practice constituting extrinsic fraud which prevented the defendant from setting up any valid defense he may have had to the cause of action. Richardson v. Helis, 192 La. 856, 189 So. 454, 455; see also cases cited at Annotation, 55 A.L.R.2d 683, 696 (Section 10) et seq.; Britton v. Gannon, Okl., 285 P.2d 407, 55 A.L.R.2d 667, cert. denied, 350 U.S. 886, 76 S.Ct. 140, 100 L.Ed. 781 (1955); Levin v. Gladstein, 142 N.C. 482, 55 S.E. 371, 32 L.R.A.,N.S., 905 (1906).
We therefore affirm the dismissal of this suit seeking recognition of the Mississippi judgment. Admissible and uncontradicted evidence, accepted as correct by the trier of fact, proved that such judgment was obtained by extrinsic fraud. Such extrinsic fraud in its procurement, consisting of the broken promise of the opposing party prior to judgment to take no further proceedings in the Mississippi action without first notifying the defendant Carroll, constitutes a valid defense to recognition of this foreign judgment.
Able counsel of the plaintiff-appellant further cites Hockaday v. Skeggs, 18 La. Ann. 681, as authority that the foreign judgment cannot be collaterally attacked on account of fraud; but such decision simply held that intrinsic fraud could not be pleaded as a bar to the enforcement of the foreign judgment, since "the alleged fraud was matter of defense in the original action, and * * * cannot now be set up against the foreign judgment," 18 La.Ann. 682. Counsel further cites Jourdan v. Hutton, La. App. 1 Cir., 86 So.2d 223, as holding that a default judgment cannot be annulled on the ground that it was taken without first notifying the defendant; this decision is distinguishable as not concerning a judgment taken in violation of an agreement to notify *245 the opposing party first (as to which latter situation, as noted, a contrary rule applies, see Lazarus v. McGuirk and Schneckenberger v. John Bonura & Co., above cited). For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.
NOTES
[1] "Equitable relief from a judgment is denied in cases of intrinsic fraud, on the theory that an issue which has been tried and passed upon in the original action should not be retried in an action for equitable relief against the judgment, and that otherwise litigation would be interminable. Relief is granted for extrinsic fraud on the theory that by reason of the fraud preventing a party from fully exhibiting and trying his case, there never has been a real contest before the court of the subject matter of the action." 30A Am.Jur. "Judgments" Sec. 785 (p. 727).