GULOTTA, Judge.
This is a suit in the sum of $203.35 representing the balance due including interest and attorney’s fees on two notes executed by Mrs. Mona Ruiz[1] when purchasing several items of furniture from Nu-Idea Furniture Company. From a judgment in favor of plaintiff on the main demand and against the defendants on the reconven-tional demand for damages, defendants appeal. •
The substance of appellants’ contention is first that Mrs. Ruiz was not aware nor advised that she was signing a note and chattel mortgage but that she was under an impression she was signing a purchase agreement or purchase order. Moreover, the chattel mortgage was not signed and executed in the presence of a notary and two witnesses. Secondly, appellants contend that a bed headboard delivered was not the same one purchased and is of a lesser grade or quality.
There is no complaint that Mrs. Ruiz did not sign the note but that because of her unawareness, the signature on the note was obtained by error or fraud. In this connection, it is elementary that he who alleges fraud has the burden of proving it. LSA-C.C. art. 1848. It is incumbent upon the defendants to show that Mrs. Ruiz was fraudulently induced to execute the note. Fadaol v. Rideau, 13 La.App. 551, 128 So. 193 (1st Cir. 1930); Shaddock v. Hawkins, 190 So. 843 (La.App.2nd Cir. 1939).
The record reflects that Mrs. Ruiz is a legal secretary for her husband, a practicing attorney, and is knowledgeable in legal documents. Moreover, it was she who conducted all of the negotiations with plaintiff and sent at least one communication in her husband’s name. There is no complaint by appellants that the amount of the note is incorrect nor the method of payment is erroneous. To the contrary, she acknowledges the balance sought is due provided a certain headboard is delivered.
Mrs. Juanita Rosato, Credit Manager of Nu-Idea, was present at the time one of the notes was signed, and there is no indication that a signature was induced by misrepresentation. The court properly concluded that defendants failed to carry their burden of showing fraud or error.
Appellants’ contention that the judgment should be set aside because of irregularity in the execution of the chattel mortgage is equally without merit. While plaintiff’s petition seeks recognition of the mortgage, lien, and privilege, appellee did not proceed by executory process and in fact abandoned, in the trial, any attempt *89 to proceed on the basis of the mortgage. The demand was based on the notes. Moreover, no judgment was rendered recognizing the lien and privilege. Accordingly, the alleged irregularity of the mortgage is not before us and this aspect is academic.
The defendants further claim, that the headboard delivered was not the one purchased, is also without merit. This purchase was made on October 12, 1970, and, according to the records of Nu-Idea, was delivered on November 20, 1970. Mrs. Ruiz did not dispute that the headboard was delivered in five or six weeks after the purchase. Nevertheless, she stated that in November and December she made complaints to Mr. Emile Keppler, Sales Manager, and Mrs. Juanita Rosato, Credit Manager, that a plain headboard was delivered in place of a bookcase headboard. This was denied and disputed both by Kep-pler and Rosato. According to the testimony of Mrs. Rosato, in December telephone calls were made to Mrs. Ruiz to try to effect collection of the delinquent account and on December 10, 1970, Mrs. Ruiz stated the payment of the account would be made in one week. This testimony is corroborated by a letter of December 30, 1970, from Donald Ruiz[2] acknowledging the existence of the obligation for the purchase of the bedroom furniture and further that it would subsequently be paid. It is significant that although the record reflects the headboard was delivered prior to this date, no mention is made in that letter that the headboard delivered is not the one purchased.
Accordingly, we find no error in the judgment of the trial court granting plaintiff’s main demand and dismissing defendants’ demand in reconvention. Judgment is affirmed.
Affirmed.

. Whether Mrs. Ruiz had the authority to bind the community is not in issue, as Donald Ruiz stated he was not raising this as a defense.

. Mrs. Ruiz signed her husband’s name to the letter.