BAILES, Judge.
Plaintiff sues to recover $523.75 allegedly due him as the unearned portion of a tuition fee of $1,795.00 paid to defendant for the enrollment of plaintiff’s son, David, in defendant’s business school in the city of New Orleans.
The judgment appealed from rendered in favor of defendant, rejecting the demands of the plaintiff, at his costs, is correct. We affirm.
For a cause of action against defendant, the plaintiff alleged that, knowing that his son could be called into the armed services of the United States, defendant induced, encouraged and persuaded plaintiff to enroll his son in its school on the representation that the tuition would not have to he paid if it was necessary for his son to leave school or if he was called into the armed services; that the tuition charge was $1,795.00, plus $40.00 for books, which amounted to an average monthly charge of $144.55 for the twelve month course; that he paid $795.00 cash, plus a note for a student loan for the balance of $1,000.00 due; that his son was a student at defendant’s school for less than two months; that he was drafted on March 2, 1970; and that he is entitled to a refund of $523.75.
Alternatively, plaintiff pleads unjust enrichment and that the contract is null and void because of misrepresentation and for error and mistake, all perpetrated by representatives of the defendant in order to obtain the signature of plaintiff to the contract.
Defendant’s answer is essentially a general denial, however, it did affirmatively allege that the contract between the parties contained reference to the refund policy of the school, and that plaintiff, prior to signing the contract, was fully aware of said refund policy and did agree to same.
Plaintiff seeks to establish proof of his allegations solely by his own testimony and that of his wife, Mrs. Rose Guillot. Their testimony is practically of the same context, and that is that Mr. Muray Solow, the defendant’s Admissions Representative, stated to them that the defendant would return part of the tuition if David was called into the armed services and that he would get David “out” for a whole year, meaning that he, defendant’s representative, would secure a one year deferment for David. Plaintiff further testified that Mr. Solow told him that he had connections with the draft board and that he would get his son “out for a whole year.”
On cross-examination by defense counsel, plaintiff gave this testimony:
“Q. What misrepresentation did Mr. Solow make?
“A. Said he could get my son out of the service. No. 2, said he would refund my money back, don’t cost me a penny.”
Defendant’s president and director, Mr. Guy Reed Pappelis, testified that plaintiff’s son, David, contacted the school about admission, at which time an interview was arranged with David and his parents in their home where the contract was signed by plaintiff. Additionally, he testified that upon David receiving his draft notice, the school assisted him in seeking a student deferment in keeping with the policy of the school as set forth in its printed catalog, copy of which was delivered to plaintiff by Mr. Solow at the time of the interview; that subsequent to enrollment David received a draft notice; that as a result of the request for deferment based on his student status, David’s induction was extended to May, 1970. He concluded that there was a good possibility that an extension of David’s induction could be obtained until the completion of his course.
Mr. Pappelis, Mr. Solow and plaintiff testified that David voluntarily terminated his enrollment in the business school and that he volunteered for induction into the armed services.
*740 From our perusal of the record, we have no difficulty in concluding that the judgment appealed from is correct. The plaintiff, in his brief, argues that defendant obtained the contract on fraudulent misrepresentations and that defendant perpetrated a fraud on plaintiff “by wrongfully and deceitfully inducing appellant to enter into an enrollment agreement when it had full knowledge that the enrollee, David Guillot, was subject to be drafted.”
R.C.C. Article 1848 states:
“Fraud, like every other allegation, must be proved by him who alleges it, but it may be proved by simple presumptions or by legal presumptions, as well as by other evidence. The maxim that fraud is not to be presumed, means no more than that it is not to be imputed without legal evidence.”
Citations are legion to the effect that fraud is not presumed, but proof thereof must be exceptionally strong, and that a charge of fraud is a most serious charge, and therefore one who alleges fraud has the burden of establishing it by legal and convincing evidence.
Suffice it to say that the plaintiff has not sustained the burden of proof required by the statute or by the jurisprudence of this State.
Aside from our finding that plaintiff has failed to prove defendant practiced any fraud on him, he has negated the efficacy of any proof of a misrepresentation to keep David Guillot from being drafted by his own admission that his son volunteered for service in the armed forces after a deferment had been obtained from the draft board.
In the school catalog above referred to, the following refund policy is found on page 31 thereof. It provides:
(( * * *
“D. If student withdraws after the first week but before more than one-fourth of the prescribed course length has elapsed, he shall be refunded 55% of the total course cost.”
In keeping with this policy, defendant refunded the amount of the government student loan of $1,000.00 to the governmental agency and plaintiff was relieved of the payment of the loan. This refund exceeds the 55 per cent provided for in the refund policy.
The appellant urges the application of the doctrine of unjust enrichment, error of law and the incapability of David Guillot to perform under the contract. All of the arguments advanced by appellant must be rejected under the admission of the appellant that David voluntarily terminated his student status at the school through no fault on the part of defendant.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.