MILLER, Judge.
Defendant Charles H. Lawrence, Jr., appeals the trial court judgment rejecting his reconventional demand (wherein he sought $250,000 from plaintiff) and recognizing plaintiff Alice Sneed West’s right to enforce a foreign $53,030.02 judgment granted to Alice Sneed West Langley. The $53,030.02 judgment was granted by the U.S. District Court for the Southern District of Texas. We affirm in part and remand for evidence on Lawrence’s peremptory exception of no right of action, which exception was first filed in this court.
*590 We pretermit consideration of Lawrence’s appeal concerning the enforceability of the U.S. court judgment because we are remanding the case to the trial court to take evidence on Lawrence’s exception of no right of action.
The exception is not relevant to Lawrence’s reconventional demand wherein he claimed that Mrs. West owed him $250,000. The merits of Lawrence’s appeal as to the dismissal of his reconventional demand are therefore before us.
The only proof adduced to support that claim is Lawrence’s unsupported testimony that someone, at some indefinite point in time, became indebted to him for the sum of $250,000. Lawrence’s estimate of the amount he claims varied from “many hundreds of thousands of dollars” (Tr. 109), to a “non-speculative” estimate of $250,000 (Tr. 118), to an uncertain amount (Tr. 113, 116). The date when the debt became due was also uncertain.
LSA-C.C. Art. 2232 provides that one claiming the existence of an obligation must prove it. The trial court properly determined that Lawrence failed to prove his reconventional demand and that portion of the trial court judgment is affirmed.
Through the peremptory exception of no right of action filed in this court, Lawrence for the first time challenges the right of Alice Sneed West to the U.S. court judgment rendered in favor of Alice Sneed West Langley. No proof of the identity of Mrs. West as being the same person as Alice Sneed West Langley was introduced, other than a prefatory remark in her petition which was not specifically addressed or denied by Lawrence.
Mrs. West’s position is that since this prefatory remark as to her identity was not specifically denied, it is deemed admitted, pursuant to LSA-C.C.P. Art. 1004. This article requires that “[t]he answer shall admit or deny the allegations of fact contained in each paragraph of the petition. . . . ” (Emphasis added.) The equation of Mrs. West with Alice Sneed West Langley appears in the prefatory section to the numbered paragraphs. Since Lawrence was not technically required to admit or deny what was contained in this section, we find that no admission existed, and the record is thus lacking in proof of the ownership of the U.S. court judgment. This interpretation is supported by LSA-C.C.P. Art. 865 which provides that “Every pleading shall be so construed as to do substantial justice.” To place an overly restrictive interpretation upon the rules of pleading and possibly allow recovery to a plaintiff who may have no interest in the suit would not fulfill the ends of justice.
Pursuant to LSA-C.C.P. Art. 2163, we find it proper to remand the case for trial of the exception (filed in this court) of no right of action, or no interest in plaintiff to institute this suit. The trial court shall not accept evidence on the merits of the original claim.
The trial court’s judgment rejecting the reconventional demand is affirmed. The case is remanded for trial on the exception of no right of action or no interest in plaintiff to institute the suit. Costs of this appeal are to be paid by plaintiff appellant.
Affirmed in part; in part, remanded.