297 So.2d 443 (1974)
Alice Sneed WEST, Plaintiff-Appellee,
v.
Charles H. LAWRENCE, Jr., Defendant-Appellant.
No. 4607.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1974.
Rehearing Denied July 26, 1974.
Writ Refused October 4, 1974.
*444 William L. McLeod, Jr., Lake Charles, for defendant appellant.
James A. Smith, Lake Charles, for plaintiff appellee.
Before HOOD, CULPEPPER, and MILLER, JJ.
MILLER, Judge.
Defendant Charles H. Lawrence, Jr., appeals the trial court judgment recognizing a $53,030.02 judgment in favor of plaintiff Alice Sneed West, granted by the U. S. District Court for the Southern District of Texas. We affirm.
When this litigation was before us (West v. Lawrence, 285 So.2d 589 [La. App. 3 Cir. 1973]) Lawrence's defenses were presented as well as his reconventional demand. We affirmed the trial court's ruling on the reconventional demand, but pretermitted ruling on the merits of Lawrence's defenses, finding it necessary to remand the case for evidence on the exception (first filed in this court) of no right of action. The substance of that exception was whether or not Mrs. West, whose marital history and property settlements were not proved, was the party properly entitled to enforce the judgment. The trial judge, finding that Mrs. West was the proper party to enforce the judgment, dismissed the exception. Lawrence does not specify error on the part of the trial judge in so ruling.
The sole issue on appeal, then, is whether or not the trial court erred in rejecting defendant's contention that the judgment was obtained through misrepresentation and deceit which was tantamount to fraud.
The $53,030.02 Texas judgment plus interest and costs was signed on September 3, 1971 after having been approved as to form by the attorney employed by Lawrence to represent him in the Texas proceeding. There was no appeal from that judgment. The trial court properly found that Lawrence had submitted to the jurisdiction of the U. S. District Court and had consented to the judgment of that court.
LSA-C.C.P. art. 2541 provides that in order for a party to have a foreign judgment recognized, he must bring an ordinary proceeding against the judgment debtor in a proper Louisiana court. This proceeding was brought in the proper court and there has been no objection made to venue. A duly authenticated copy of the Texas judgment was annexed to the petition. There is no evidence in the record to support Lawrence's allegation that the U. S. District Court lacked jurisdiction over the subject matter. Since lack of jurisdiction over the subject matter was not effectively argued nor proven, it is presumed that the U. S. District Court had jurisdiction over the subject matter. State v. James, 172 So.2d 299 (La.App. 1 Cir. *445 1965); Revies v. Loyd, 205 F.Supp. 441 (W.D.La.1962).
Lawrence attacks the validity of the judgment on the grounds that it was obtained through misrepresentation and deceit. Louisiana courts have recognized that extrinsic fraud (such fraud as would prevent prosecution of an effective defense or would prevent an adversary trial of the issues) may be asserted as a bar to recognition of the foreign judgment, while intrinsic fraud (such fraud as would simply amount to an affirmative defense to the original cause of action) would not serve as a defense to the recognition of a foreign judgment. Lee v. Carroll, 146 So.2d 242 (La.App. 3 Cir. 1962).
Evidence presented by Lawrence in regard to misrepresentation was Lawrence's testimony that his understanding at the time the notes upon which suit was based were presented to him was that these notes were never to be enforced. Tr. 108. Lawrence thus asserts that there was fraudulent inducement to the contracting of the obligation to pay. Such a defense relates to a defect in the enforceability of the obligation itself, and does not constitute proof of fraudulent conduct in acquisition of the judgment. As such, this evidence amounts to an allegation of intrinsic, rather than extrinsic fraud. Such a defense is inappropriate in this suit to recognize a foreign judgment.
Lawrence also contends that before the Texas judgment was signed, there was an agreement that the judgment would not be executed before settlement of another suit allegedly involving the same series of transactions. He offers no more support for this proposition than his own testimony. Lawrence's own summary of testimony in his brief presents his allegations in his most favorable light:
"Ten years (ago), more or less, the Wests came to me through their attorney, Mr. James N. Erwin, wanting to make a deal with us to create and find deals for them to drill or sell. They were to furnish all of the money and we were to furnish the geology and the acquisition of the leases ... This went on for many years ... At all times having an agreement with Bill Lloyd that we would make deals and pay these (promissory notes) out. We made a couple of payments on these notes and he sued me for collection without ever presenting one of them ... Mr. Oldham filed whatever it takes in Texas to offset this thing of Lloyds... Mr. Oldham and Mr. Burns got together and we agreed to let Mrs. West have this judgment subject to the finalization of the Lloyd outcome." (Tr. p. 107, 108 and 109). (Emphasis supplied).
"I feel that the West group owe me many hundreds of thousands of dollars because I know what was spent and if now I have to pay I think then that they should give me some accounting all the way through because they handled all the monies, they made their own deals, they credited the monies where they so desired ... I called Mr. Oldham Friday and made him aware of these setbacks. And he said he was to call Mr. Burns and tell him and again he told me that there was definitely an agreement and he thought we ought to get together and make a joint continuation of this thing until such time as the Lloyd case was settled." (Tr. pp. 109 and 110). (Emphasis supplied).
Lawrence testified that his Texas attorney consented to entry of the Texas judgment while representing him in that proceeding; that he consented to the judgment only to postpone matters until the Lloyd case was finalized. Conceding that violation of such an understanding would be tantamount to extrinsic fraud, Lawrence did not establish to the trial court's satisfaction *446 that such an understanding and breach thereof transpired.
To overturn the trial court's factual determination, we are cited only to the unsupported allegations of an interested party. No attempt was made to corroborate Lawrence's testimony in relation to the agreement to postpone enforcement of the judgment.
We do not find manifest error on the part of the trial judge. For whatever reason, Lawrence allowed the Texas judgment to be entered against him. He now comes into court ill-prepared to avoid it. From the record before us, we cannot say that extrinsic fraud prevents recognition of the Texas judgment.
He who alleges fraud has the burden of establishing it. LSA-C.C. art. 1848; Guillot v. Spencer Business College, Inc., 267 So.2d 738 (La.App. 4 Cir. 1972); Nu-Idea Furniture Company v. Ruiz, 260 So.2d 87 (La.App. 4 Cir. 1972).
We distinguish Lee v. Carroll, 146 So.2d 242 (La.App. 3 Cir. 1962) where we found uncontradicted testimony of defendant alone established extrinsic fraud. Here the trial judge rejected defendant's position, whereas in Lee the trial judge found that fraud had been practiced on defendant.
Lawrence also moves for a remand on the question of fraud. The matter was properly before the trial court at trial on the merits. No factors have been alleged justifying a remand, other than failure to prove fraud in the original trial. The motion is denied.
The trial court judgment is affirmed at appellant's costs.
Affirmed.