CARTER, Judge.
This is an appeal from a summary judgment granted in favor of plaintiff, American Protestant Hospital Association, Inc., and against defendant, Robert W. Stratton, recognizing a foreign judgment from the Municipal Department, First District, Circuit Court of Cook County, Illinois.
The record reveals that plaintiff sued defendant for an amount due on a promissory note asking for a Judgment by Confession. Judgment was rendered March 12, 1976, in favor of plaintiff in the sum of $10,757.50. On June 9, 1976, defendant filed a motion to open the Judgment by Confession. Defendant filed an answer, counterclaim, and an affidavit with the court. On July 19, 1976, the court, acting on defendant’s motion to open the Judgment by'Confession, ordered that (1) the judgment by confession entered against the defendant on March 12, 1976 be opened; (2) all liens arising out of said judgment be set aside and be of no force and effect, and (3) the matter be set for trial.
On October 5, 1977, the court issued an “Agreed Order” in this matter. The “Agreed Order” reads in pertinent part as follows:
“This cause coming on to be heard, it is hereby ordered pursuant to agreement of the parties as follows:
1) Judgment is entered in the amount of $9757.50, in favor of plaintiff and against defendant;
*48 2) Execution is stayed until final determination is made in case number 76 L 3809;
3) This judgment shall not relate back to any lien on real property previously recorded;
4) The lien recorded on property located at 280 Hagens Road, Elmhurst Illinois is hereby expressly agreed to be null & void and of no force & effect.

6) The Court shall retain jurisdiction of this cause for purposes of implementing the provisions of this agreed order.
Case No. 76 L 3809 was a suit filed by Robert Stratton against American Protestant Hospital Association, Inc. and Charles D. Phillips in the “Law” Division of the Circuit Court of Cook County, Illinois. This case was transferred to the First Municipal District and given the number 79 MI 351103.
On May 21, 1981, case no. 79 MI 351103 was dismissed by the court, the stay order was lifted, and plaintiff, American Protestant Hospital Association, was given leave to execute on the judgment.
Plaintiff filed a petition on August 6, 1981, in the 19th Judicial District Court in Baton Rouge, Louisiana, to have the October 5, 1977 “Agreed Order” recognized in Louisiana. After various exceptions were disposed of, the court, on motion of plaintiff, granted a summary judgment in favor of plaintiff.
Defendant appeals the grant of summary judgment with the following two specifications of error:
(1) The trial court erred in granting a summary judgment because there was an allegation of fraud in the procurement of the judgment;
(2) The trial court erred in granting a summary judgment because there was a question of law regarding whether the foreign judgment was in personam or in rem.
SPECIFICATION OF ERROR NO. 1
Defendant argues that he is entitled to a trial on the merits in order to show proof of extrinsic fraud. He argues that the merits must be reached before it can be determined whether in fact the alleged extrinsic fraud was present.
Extrinsic fraud is that which would prevent prosecution of an effective defense or prevent an adversarial trial of the issues. West v. Lawrence, 297 So.2d 443 (La.App. 3d Cir.1974), writ denied, 300 So.2d 840 (La.1974); Lee v. Carroll, 146 So.2d 242 (La.App. 3d Cir.1962).
These cases hold that a court can refuse to recognize a foreign judgment only when it is shown that the judgment was obtained illegally or through extrinsic fraud.
In the Illinois proceeding, defendant requested a motion to open the Judgment by Confession against him. He raised in his answer and counterclaim the defenses of extension of time to pay the note and alleged that plaintiff, fully aware of the extension of time granted on the note, had willfully sought the Judgment by Confession to cause defendant hardship. The Judgment of Confession was opened by the court and the prior judgment rendered null. Any claims of fraud in the procurement of this prior judgment were thereby settled when the prior judgment was set aside. The defendant then, on May 21, 1981, consented to the “Agreed Order” issued by the Illinois court which is the judgment sought to be recognized. Defendant argues again that he was given an extension of time for payment of the note. Alternatively, he alleges failure of consideration and want of consideration of the note. These defenses are in the nature of affirmative defenses of action and relate to the enforceability of the obligation itself, not to proof of fraudulent conduct in the acquisition of the judgment. They are intrinsic and will not serve as a defense to the recognition of a foreign judgment. West v. Lawrence, supra; Lee v. Carroll, supra.
The judgment of the Illinois court and the relevant parts of the record pertaining *49 to that judgment are before this court, They present no genuine issue of material fact, and the plaintiff is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
This specification of error has no merit.
SPECIFICATION OF ERROR NO. 2
Defendant argues that the Illinois court did not have personal jurisdiction over him. The record is replete with facts showing that defendant repeatedly placed himself within the jurisdiction of the court. This specification of error has no merit.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be assessed against appellant.
AFFIRMED.